Robert FOX, Respondent,

Allstate Insurance Company, Intervenor, Respondent,

v.

CITY OF HOLDINGFORD, Appellant,

Stephen Christle, Respondent.

No. C3-85-450.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Review Denied Dec. 13, 1985.

Michael K. O'Tool, St. Cloud, for City of Holdingford.

Gordon H. Hansmeier, St. Cloud, for Robert Fox and Allstate Ins. Co.

Stephen Christle, pro se.

Heard, considered and decided by WOZ-NIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This is a no-fault insurance and Civil Damages Act case. Appellant City of Holdingford, defendant in the dram shop action, appeals from the order of the trial court denying its motion for a new trial, judgment NOV, and amended findings of fact, conclusions of law and order for judgment, and from the judgment of the trial court.

The trial court denied Holdingford's motion to have basic economic loss benefits deducted from the verdict and held that Allstate Insurance Company is entitled to joint and several liability on its subrogation claim. We affirm.

## FACTS

This case arises out of a one-car accident which took place on May 18, 1980. Plaintiff Robert Fox was a passenger in a car driven by defendant Stephen Christle. To recover for his injuries, Fox brought suit against Holdingford under the Civil Damages Act, Minn.Stat. § 340.95 (1984), alleging that Holdingford had made an illegal sale of liquor to the driver, Christle. Holdingford impleaded Christle.

The jury's verdict found damages in the amount of $121,354.91 and apportioned fault as follows: Stephen Christle—70%, City of Holdingford—20%, and Robert Fox—10%. Fox was awarded a judgment of $121,354.91, less 10% attributable to his own negligence, for a total of $109,219.42.

The parties agree that Christle is uninsured and essentially judgment-proof.

On Fox's post-trial motion, the trial court added Christle as a named party defendant, and allowed Allstate to intervene as a party plaintiff for the purpose of asserting its subrogation interests in basic economic loss benefits in the amount of $20,416.63 and uninsured motorist benefits in the amount of $42,000 paid by it to Fox.

Holdingford moved to have the basic economic loss benefits paid deducted from the verdict and for an order denying Allstate joint and several liability against Holdingford on its subrogation claim. The trial court denied both motions.

## ISSUES

1. Did the trial court err in ruling that the verdict should not be reduced by the amount of basic economic loss benefits paid?

2. Did the trial court err in ruling that Allstate is entitled to joint and several liability on its subrogation claim?

3. Did Allstate follow the proper procedure in asserting its subrogation claim by intervening as a party plaintiff?

## ANALYSIS

### I.

*Did the trial court err in ruling that the verdict should not be reduced by the amount of basic economic loss benefits paid?*

■ One of the purposes of the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41 to 65B.71, is to avoid duplicate recovery by the injured party. *Id.* § 65B.42(5) (1984). There are two provisions of the No-Fault Act which prevent double recovery of economic loss benefits: the offset provision in Minn.Stat. § 65B.51, subd. 1, and the subrogation provisions of § 65B.53.

Minn.Stat. § 65B.51, subd. 1, the offset provision, provides:

Deduction of basic economic loss benefits. With respect to a *cause of action*

*in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle* with respect to which security has been provided as required by sections 65B.41 to 65B.71, there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable, or which would be payable but for any applicable deductible.

(Emphasis added.)

Minn.Stat. § 65B.53, subd. 3, provides for subrogation in limited situations:

A reparation obligor paying or obligated to pay basic economic loss benefits is subrogated to a *claim based on an intentional tort, strict or statutory liability, or negligence other than negligence in the maintenance, use, or operation of a motor vehicle.* This right of subrogation exists only to the extent that basic economic loss benefits are paid or payable and only to the extent that recovery on the claim absent subrogation would produce a duplication of benefits or reimbursement of the same loss.

(Emphasis added.)

The statutory language indicates that the offset and subrogation provisions are mutually exclusive. *See* Steenson, *A Primer On Minnesota No-Fault Automobile Insurance*, 7 Wm. Mitchell L.Rev. 313, 393 (1981). The offset provision applies with respect to negligence causes of action "accruing as a result of injury arising out of the operation, maintenance or use of a motor vehicle." Minn.Stat. § 65B.51, subd. 1 (1984). Subrogation applies to claims "based on an intentional tort, strict or *statutory liability,* or negligence other than negligence in the maintenance, use, or operation of a motor vehicle." *Id.* § 65B.53, subd. 3 (1984) (emphasis added).

■ Holdingford argues that the offset provision of section 65B.51, subd. 1, applies to this case, and that the economic loss benefits paid by Allstate to Fox ($20,-416.63) must be subtracted from Fox's recovery of $109,219.42 (the total damages less the 10% attributable to Fox's own neg-

ligence). This would negate any subrogation interest Allstate might have in these payments.

This court, however, has expressly held that the offset provision of section 65B.51, subd. 1, is not applicable in a dram shop action where there is a subrogation claim. *Newmaster v. Mahmood,* 361 N.W.2d 130, 135 (Minn.Ct.App.1985).

Holdingford requests this court to overrule *Newmaster.* We decline to do so. The statutory language in sections 65B.51, subd. 1, and 65B.53, subd. 3, is clear and provides that subrogation, not offset, applies in cases based on statutory liability.

## II.

*Did the trial court err in holding that Allstate is entitled to joint and several liability on its subrogation claim?*

■ Under *Newmaster,* Allstate is entitled to subrogation for the $20,416.63 in economic loss benefits it paid to the plaintiff. Furthermore, the parties do not dispute that Allstate has a subrogation interest in the $42,000 in uninsured motorist benefits it paid to the plaintiff. *See Flanery v. Total Tree, Inc.,* 332 N.W.2d 642 (Minn.1983).

The trial court ruled that Allstate is entitled to joint and several liability on its subrogation claim. Since the parties agree that Christle is uninsured and judgment-proof, the issue is whether Allstate should be allowed to collect the entire judgment from the only solvent tortfeasor. (Holdingford was found 20% negligent; Christle was found 70% negligent.) Holdingford contends that it would be inequitable to allow Allstate to do so.

■ In *Erickson v. Hinckley Municipal Liquor Store,* 373 N.W.2d 318 (Minn.Ct. App.1985), however, this court held, in a combined automobile negligence and dram shop case, that an uninsured drunk driver and a liquor vendor liable under the dram shop act were jointly and severally liable on the subrogation claim of an insurer which had paid basic economic loss and uninsured motorist benefits to its insured. In *Erick-*

*son,* the jury found the uninsured drunk driver 80% negligent and the bar 20% negligent. Holdingford's equity argument is thus disposed of by *Erickson.* Holdingford is jointly and severally liable for the total verdict (less 10%) and has a claim for contribution against Christle.

## III.

*Did Allstate follow the proper procedure in asserting its subrogation claim by intervening as a party plaintiff?*

An insurer's right to subrogation for economic loss benefits paid to its insured exists only when the insured would otherwise receive a double recovery. Minn.Stat. § 65B.53, subd. 3 (1984). In *Milbrandt v. American Legion Post of Mora,* 372 N.W.2d 702 (Minn.1985), the supreme court held that the burden is on the insurer to show that the insured has been overcompensated and that, because the right to subrogation provided in subdivision 3 arises only where there is a double recovery, it may be asserted only against the insured.

*Milbrandt* dealt only with subrogation claims for basic economic loss benefits. The supreme court's reasoning is equally applicable, however, to subrogation claims for uninsured motorist benefits. In *Flanery,* the supreme court held that an insurer "has a right to subrogation upon payment of uninsured motorist benefits to the extent that the insured will achieve a double recovery." 332 N.W.2d at 645.

In *Milbrandt,* the plaintiff settled with the tortfeasors. Her claims were never tried to the point of a verdict. Because there was insufficient evidence of a double recovery, the supreme court held that no right of subrogation arose.

■ Here, plaintiff's claims were tried to the point of a verdict. The jury found that the amount of $121,354.91 would "fairly compensate Robert Fox for his injuries." The special verdict form apportioned this figure into $16,064.91 for medical services, $5,290 for wage loss, and $100,000 for all other damages. The court in its findings

of fact found that Allstate paid Fox $16,-064.91 in medical expense benefits, $4,351 in wage loss benefits, and $42,000 in uninsured motorist benefits. There is no indication that the jury considered Fox's insurance coverage in deciding the question of damages. Thus, Fox will receive a double recovery if he collects the full amount of the verdict.

*Milbrandt* holds that the insurer's right to subrogation for basic economic loss benefits may be asserted only against the insured. It is unclear precisely what the court meant by asserting the claim "against the insured." In this case, upon the return of the verdict, Allstate moved the trial court for an order allowing intervention. This order was granted. Allstate intervened as a direct party plaintiff and asserted its subrogation claim against Christle and Holdingford. It seeks to recover its subrogation claim, however, out of the verdict awarded to Fox.

 Intervention was the proper procedure in this case. In *Miller v. Astleford Equipment Co., Inc.*, 332 N.W.2d 653 (Minn.1983) cited in *Milbrandt*, 372 N.W.2d at 704, n. 1, the supreme court held that intervention of right pursuant to Minn.R. Civ.P. 24.01 is the proper procedure for a no-fault insurer to follow in asserting a subrogation claim.

Although it might be argued that Allstate is required under *Milbrandt* to wait until Fox actually collects on his judgment before asserting its subrogation claim directly against Fox, it is not necessary to read the language in *Milbrandt* so narrowly. Here, the plaintiff's claims have been tried to a verdict. This verdict results in overcompensation, or a double recovery by the insured. Allstate's intervention at this point to recover its subrogation claim out of Fox's verdict is the type of procedure apparently contemplated by the *Milbrandt* court. If a subrogated insurer were required to wait until its insured actually collected on his or her judgment before asserting its subrogation claim, the insured could conceivably secrete or dissipate the

excess recovery to which the insurer is entitled. .

### DECISION

1. The trial court's ruling that the verdict should not be reduced by the amount of basic economic loss benefits paid by Allstate is affirmed. The offset provision of Minn.Stat. § 65B.51, subd. 1 (1984), is not applicable in a Civil Damages Act case.

2. Allstate is entitled to joint and several liability on its subrogation claim.

3. Allstate followed the proper procedure in asserting its subrogation right by intervening in the action and seeking to recover its subrogation claim out of the verdict awarded to the plaintiff.

Affirmed.