Darrell L. **PETERS**, et al., Plaintiffs,

v.

**B.P. & E., INC.,** d.b.a. **Hang-Ten II,** et al., **American Legion Post # 485, Clara City, Minnesota,** Respondents,

**City of Maynard,** et al., Defendants,

George Parker, d.b.a. The Lone Tree Inn, and Mike Van Vickle, d.b.a. Hang-Ten II and/or Hang-Ten II, defendant and third party plaintiff, Respondents.

The **CITY OF MAYNARD,** Defendant and Third Party Plaintiff,

v.

Clifton W. **MEINTS,** third party defendant, Respondent,

and

**Farm Bureau Mutual Insurance Company,** intervenor, Appellant.

No. C7–86–1143.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Mary C. Cade, Roger Roe, Jr., Minneapolis, for B.P. & E., Inc.

Robert M. Austin, Scott Lundquist, Minneapolis, for American Legion Post # 485.

Michael Q. Lynch, Willmar, for George Parker.

Clifton W. Meints, pro se.

Thomas G. Johnson, Willmar, for Farm Bureau Mut. Ins. Co.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions an insurance company's subrogation rights for uninsured motorist benefits paid in a dram shop action. We affirm the trial court order granting respondent's motion for summary judgment.

## FACTS

Farm Bureau Mutual Insurance Company intervened in their insured's dram shop action against four liquor establishments. The company asserted a claim for subrogation in the event the insured received a damage award which, coupled with Farm Bureau uninsured motorist benefits, was a double recovery. Claims against two of the liquor establishments were dismissed in an early stage of the case. Prior to trial the insured settled with the two remaining vendors. Following this settlement, these two defendants moved for summary judgment on Farm Bureau's subrogation claim. The trial court granted the motion on the grounds that the insured had not been overcompensated. Farm Bureau appeals the summary judgment dismissing its claim.

## ISSUE

Can an insurer assert a subrogation claim against a liquor vendor for uninsured motorist benefits the insurer paid to its insured?

## ANALYSIS

1. Appellant Farm Bureau claims the settlement award received by the insured, when combined with the uninsured motorists benefits previously paid, constitutes a double recovery. Farm Bureau seeks to recover from the liquor vendors that portion of the settlement that provides the insured with a double recovery.[1]

The Minnesota no-fault automobile insurance act permits subrogation by the insurer upon its payment of uninsured motorist insurance benefits to the extent that the insured will achieve a duplicate recovery. *Flanery v. Total Tree, Inc.,* 332 N.W.2d

---

1. Farm Bureau's subrogation interest in this dram shop action is based on statutory liability set forth in Minnesota Statutes § 65B.53, subd. 3 (1984). *See Fox v. City of Holdingford,* 375 N.W.2d 44, 47 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 13, 1985). As we note later in this opinion, the statutory law has been changed.

642, 645 (Minn.1983). Two years after *Flanery* was decided, the Minnesota Supreme Court considered the insurer's right to subrogation for its payment of economic loss benefits. *See Milbrandt v. American Legion Post of Mora*, 372 N.W.2d 702 (Minn.1985). Consistent with *Flanery*, the court held an insurer has a subrogation right for economic loss benefits only to the extent that the insured receives a duplicate recovery. *Id.* at 705. In addition, the *Milbrandt* court held that this right of recovery may be asserted only against the insured. *Id.* Appellant claims the second part of the rule, providing recovery may be obtained only against the insured, does not apply to uninsured motorists benefits. This issue was not decided by *Flanery*.

*Flanery* and *Milbrandt* recognize a unique subrogation right: "The right of the insurer against the insured arises only in the event of a double recovery by the latter, not by reason of the tort." *Id.* at 705 n. 2. In *Milbrandt*, the court concluded this type of subrogation necessarily limits the insurer's right to recover only against the insured.

> Because the insurer's right to recover benefits paid its insured exists only when the insured obtains double recovery, the right of recovery recognized * * * may be asserted only against the insured.

*Id.* at 705. Based on the reasoning in *Milbrandt*, we conclude the rule requiring the insurer to assert their claim against the insured applies to both economic loss benefits and uninsured motorist benefits.

Appellant contends we must determine whether settlements can be permitted to prejudice subrogation rights. This argument disregards the Minnesota statutory scheme on subrogation and the analysis in *Milbrandt*. This statutory subrogation right is not against the tortfeasor and it is the statute, not the settlement, that defeats claims against that party. Although claims against an insured may be impractical or undesirable to an insurer, they are not defeated by a settlement.

Appellant also claims the law violates public policy by allowing an insured to limit the insurer's rights. It is true that settlements between the tortfeasor and the insured tend to prejudice the insurer's subrogation rights because the insured persons thus give up their right to prove the extent of damages. It is not true that the law offends any public policy. Subrogation, in the sense of a claim against the tortfeasor, does not exist in Minnesota. *Id.*

We note that this issue is determined for the future because the amended statute codifies the limited subrogation right:

> There shall be no recovery by any insurance company against any liquor vendor under subrogation clauses of the uninsured, underinsured, collision, or other first party coverages of a motor vehicle insurance policy as a result of payments made by the company to persons who have claims that arise in whole or part under [the dram shop law].

1985 Minn. Laws ch. 309, § 12 (codified as amended at Minn.Stat. § 340A.801, subd. 4 (Supp.1985)). Thus, the insurance company can recover any double recovery only from its insured.

As part of the settlement the insured agreed to dismiss the dram shop suit against the liquor vendors with prejudice. As a result the intervening insurance company could no longer proceed against the vendors. The only remaining remedy available to the insurance company is a claim against its insured, in which the insurance company will bear the burden of proving that the insured received a duplicate recovery. *Milbrandt*, 372 N.W.2d at 705.

2. Summary judgment is appropriate if there is no genuine issue of material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Due to the settlement agreement dismissing the insured's claim against the liquor vendors, at the time the court considered respondent's motion there was no issue of fact before the court and the liquor vendors were entitled to judgment as a matter of law.

## DECISION

Following a settlement agreement between the insured and the liquor vendors,

the trial court correctly dismissed the suit and Farm Bureau's claim as intervenor. Farm Bureau has no right to proceed directly against the liquor vendors, and can assert their claim for subrogation on the uninsured motorist benefits only against the insured.

Affirmed.