**Damon LaMont BANKS, Appellant,**

v.

**Russell Lowell GRANT, et al., Appellants,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Intervenor, Respondent.**

No. C7–94–2225.

Court of Appeals of Minnesota.

May 2, 1995.

Review Granted June 14, 1995.

Mark D. Streed, Meshbesher & Spence, Ltd., Minneapolis, for Damon LaMont Banks.

Lisa M. Elliott, St. Paul, for Russell Lowell Grant, et al.

Timothy J. Eiden, Hansen, Dordell, Bradt, Odlaug, & Bradt, St. Paul, for American Family Mut. Ins. Co.

Considered and decided by NORTON, P.J., PARKER and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

Appellants contend the trial court erred when it held that an offset against the verdict was not appropriate because American Family had a subrogation right against the Grants and their insurer under Minn.Stat. § 65B.64, subd. 2 (1994). We reverse and remand.

## FACTS

This case arises out of a 1990 automobile accident. Appellant Damon Banks was a passenger in an automobile that was struck by an automobile driven by Prince Martin. The owner of the vehicle, appellant Russell Grant, had given appellant George Grant permission to use the vehicle; George Grant then allowed Prince Martin to drive the vehicle. The automobile Banks was riding in was uninsured; he had no other no-fault coverage. Grants' liability insurer was Aetna Insurance Co.

Banks brought a negligence claim against Russell Grant, George Grant and Prince Martin to recover damages he allegedly suffered as a result of the accident. After a trial, the jury returned a verdict in favor of Banks and against Russell Grant for $218,-000, including $51,000 for past medical expenses and $11,000 for past wage loss.

Following the verdict, Banks applied to the Minnesota Automobile Assigned Claims Bureau (MAACB) to recover $28,000 of economic loss benefits, including $20,000 of medical expenses and $8,000 in wage loss. Banks' claim was assigned to respondent American Family Mutual Insurance Co. The parties do not dispute that Banks' claim was eligible for assignment nor that it was properly assigned to American Family.

Russell and George Grant, supported by Banks, subsequently moved the trial court for a collateral source offset against the verdict for the amount of economic loss benefits payable to Banks by American Family. *See* Minn.Stat. § 548.36 (1994) (requiring court to reduce and offset damages award by amount of benefits plaintiff received from collateral sources). American Family intervened to oppose the motion, claiming that Minn.Stat. § 65B.64, subd. 2 (1994) gave the insurer a subrogation right against the Grants for economic loss benefits paid under the assigned claims plan, and requesting therefore that the Grants be required to pay the amount directly to Banks. The trial court agreed that American Family had a right of subrogation under § 65B.64, subd. 2, and denied the Grants' motion. This appeal followed.

## ISSUE

Does Minn.Stat. § 65B.64, subd. 2 (1994) give the insurer of a claim that is based on the negligent maintenance, use or operation of a motor vehicle, a subrogation right against a tortfeasor for the economic loss benefits payable to a claimant?

## ANALYSIS

This case involves the interpretation and application of various statutes. Statutory interpretation is a legal question that this court reviews de novo. *Mueller v. Theis,* 512 N.W.2d 907, 910 (Minn.App.1994), *pet. for rev. denied* (Minn. Apr. 28, 1994).

Minn.Stat. § 65B.64, subd. 2 (1994) governs the subrogation rights of an insurer to whom a claim has been assigned by the MAACB. Prior to 1989, the statute provided the following:

> If a claim qualifies for assignment * * *, the assigned claims bureau or *any reparation obligor to whom the claim is assigned shall be, as provided in section 65B.53, subrogated to all of the rights of the claim-*

*ant against any person,* including another obligor, who is legally obligated to provide economic loss benefits to the claimant, for economic loss benefits provided by the obligor to whom the claim was assigned.

Minn.Stat. § 65B.64, subd. 2 (1988) (emphasis added). Based on the reference to section 65B.53, the Minnesota Supreme Court interpreted this provision to limit the subrogation right of insurers, who paid claims under the assigned claims plan, to those of no-fault carriers generally. *Mohs v. Parrish's Bar,* 418 N.W.2d 494, 496–97 (Minn. 1988). Thus, the court noted that it must apply the *Milbrandt* doctrine, and held that an insurer paying an assigned claim can only assert a subrogation right against its claimant. *Id.* at 497 (citing *Milbrandt v. American Legion Post,* 372 N.W.2d 702, 705 (Minn. 1985)).

Apparently in response to the *Mohs* decision, the legislature amended section 65B.64, subdivision 2, in 1989 and deleted the reference to section 65B.53. 1989 Minn. Laws ch. 58, § 2. In its amended form, the statute currently provides:

> If a claim qualifies for assignment * * *, the assigned claims bureau or any reparation obligor to whom the claim is assigned shall have the right to seek indemnification from an uninsured tortfeasor. Except as otherwise provided in section 340A.801, subdivision 4, the *reparation obligor to whom the claim is assigned shall further be subrogated to all of the rights of the claimant against any person* for economic loss benefits provided by the obligor to whom the claim was assigned.

Minn.Stat. § 65B.64, subd. 2 (1994) (emphasis added). Thus, the statute removes the limitation on subrogation rights recognized in *Mohs* and now provides an insurer with a subrogation right "against any person" when the insurer has been assigned a claim under the assigned claims plan. *Id.*

Those subrogation rights are not without limitation, however. The insurer's subrogation rights are limited "to all of the rights of the claimant." *Id.* Therefore, we must determine in the present case what rights Banks has, as the claimant, to recover his economic losses from the Grants in a suit based on the negligent operation or use of a vehicle.

A person "may bring a negligence action for economic loss not paid or payable by a reparation obligor or through the assigned claims plan." Minn.Stat. § 65B.51, subd. 2 (1994). The negative implication of this provision, consistent with the no-fault act's stated purpose of preventing double recovery, is that a person may *not* sue in negligence to recover economic losses that *are* paid or payable under either the assigned claims plan or a policy. *See* Minn.Stat. § 65B.42(5) (1994) (one purpose of no-fault system is to avoid duplicate recovery). Accordingly, in this negligence action, Banks has no right to recover from the Grants the economic losses that American Family would pay him under the assigned claims plan. Thus, American Family has no subrogation right against the Grants. *See* Minn.Stat. § 65B.64, subd. 2 (subrogation rights of insurer under assigned claims plan are limited to "the rights of the claimant").

█ Further, because the jury awarded Banks damages from the Grants, his recovery from the Grants must be offset by the economic loss benefits he would receive from American Family. *See* Minn.Stat. § 65B.51, subd. 1 (for claims arising out of negligent operation, ownership, maintenance or use of insured vehicle, court "shall deduct from any recovery the value of the * * * economic loss benefits paid or payable"). Banks' claim against the Grants was based on the negligent use of an insured vehicle. Under the assigned claims plan, Banks is entitled to economic loss benefits from American Family. Therefore, we conclude that the offset provision of section 65B.51 applies, rather than Minn.Stat. § 548.36 as asserted by appellants, and requires that the verdict be offset by the amount of economic loss benefits payable to Banks by American Family.

American Family asserts that our interpretation of section 65B.64, subdivision 2, renders the legislature's amendment a nullity because it gives insurers under the assigned claims plan no greater rights than those of no-fault carriers in general. We disagree. Under section 65B.53, subdivision 3, no-fault

carriers have a subrogation right only against their insured for claims based on intentional tort, strict or statutory liability, or negligence in this state, other than negligence in the maintenance, use or operation of a motor vehicle. *Milbrandt,* 372 N.W.2d at 704–05. In contrast, an insurer under the assigned claims plan is no longer limited to asserting a right of subrogation for such claims only against its claimant, but rather may assert a subrogation right for all of the claimant's rights "against any person." Minn.Stat. § 65B.64, subd. 2. Therefore, rather than being a nullity, the amendment directly addresses the *Mohs* decision because it expands the subrogation rights of insurers under the assigned claims plan for certain causes of action beyond those of no-fault carriers generally.

Respondent's interpretation of section 65B.64, subdivision 2 would give insurers assigned a claim under the assigned claims plan a subrogation right against any person in any action, including actions based on negligence in the maintenance, operation and use of motor vehicles. Such a broad interpretation of the amendment goes further than necessary to address the *Mohs* decision and conflicts with the offset provision in section 65B.51, subdivision 1.

■ The more limited interpretation we adopt today is consistent with the general no-fault scheme. Under the no-fault act, tort recovery is limited by either the offset provision of section 65B.51, subdivision 1, or the subrogation provisions of section 65B.53. Michael K. Steenson, *Minnesota No–Fault Automobile Insurance* 265 (2d ed. 1989). These provisions are mutually exclusive. *Fox v. City of Holdingford,* 375 N.W.2d 44, 46 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 13, 1985). If the action is based on negligence in the maintenance or use of an insured motor vehicle, the offset provision applies and subrogation is not appropriate. Theodore J. Smetak, et al., *The Minnesota Motor Vehicle Insurance Manual* 187 (1991). If, however, the claim is based on some other cause of action, such as intentional tort, strict or statutory liability, or negligence other than negligence in the maintenance, use or operation of a motor vehicle, then a no-fault

carrier may seek subrogation for the no-fault benefits it has paid. *Id.* at 189.

Our interpretation stays within this general no-fault scheme because it applies the offset provision of section 65B.51, subdivision 1, to a claimant's actions against an insured driver for negligent maintenance or use of a vehicle and only allows an insurer assigned a claim under the assigned claims plan to assert a subrogation right in other causes of action.

## DECISION

We conclude that American Family has no subrogation right against the Grants under Minn.Stat. § 65B.64, subd. 2. Accordingly, we reverse and remand to the trial court to offset the verdict by the benefits payable to Banks by American Family according to Minn.Stat. § 65B.51, subd. 1.

**Reversed and Remanded.**