MARTIN OSBORNE, Administrator, *vs.* STERLING R. McMASTERS.

January 30, 1889.

**Statutory Duty—Master Liable for Servant's Neglect.**—Where a statute or municipal ordinance imposes upon a person a duty designed for the protection of others, if he neglects to perform the duty he is liable to those for whose protection it was imposed for any damages resulting proximately from such neglect, and of the character which the statute or ordinance was designed to prevent. Following *Bott* v. *Pratt*, 33 Minn. 323.

**Neglect of Common-Law Duty—Liability of Master.**—Whether the act constituting negligence was such on common-law principles, or is made such by statute, the doctrine of agency applies, to wit, that the master is liable for the negligence of his servant committed in the course of his employment and resulting in injury to others.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Kelly*, J., and a jury, and a verdict rendered for plaintiff.

*Flandrau, Squires & Cutcheon,* for appellant.

*M. D. Munn,* for respondent.

MITCHELL, J.[1]  Upon the record in this case it must be taken as the facts that defendant's clerk in his drug-store, in the course of his employment as such, sold to plaintiff's intestate a deadly poison without labelling it "Poison," as required by statute; that she, in ignorance of its deadly qualities, partook of the poison, which caused her death.  Except for the ability of counsel and the earnestness with which they have argued the case, we would not have supposed that there could be any serious doubt of defendant's liability on this state of facts.  It is immaterial for present purposes whether section 329 of the Penal Code or section 14, c. 147, Laws 1885, or both, are still in force, and constitute the law governing this case.  The requirements of both statutes are substantially the same, and the sole object of both is to protect the public against the dangerous qualities of poison.  It is now well settled, certainly in this state, that where a statute or municipal ordinance imposes upon any person a specific duty for the protection or benefit of others, if he neglects to perform that duty he is liable to those for whose protection or benefit it was imposed for any injuries of the character which the statute or ordinance was designed to prevent, and which were proximately produced by such neglect.  In support of this we need only cite our own decision in *Bott* v. *Pratt,* 33 Minn. 323, (23 N. W. Rep. 237.)

Defendant contends that this is only true where a right of action for the alleged negligent act existed at common law; that no liability existed at common law for selling poison without labelling it, and therefore none exists under this statute, no right of civil action being given by it.  Without stopping to consider the correctness of the assumption that selling poison without labelling it might not be actionable negligence at common law, it is sufficient to say that, in our opinion, defendant's contention proceeds upon an entire misapprehension of the nature and gist of a cause of action of this kind.  The common law gives a right of action to every one sustaining injuries caused proximately by the negligence of another.  The pres-

---

[1] Gilfillan, C. J., because of affinity to one of the parties, took no part in this case.

ent is a common-law action, the gist of which is defendant's negligence, resulting in the death of plaintiff's intestate. Negligence is the breach of legal duty. It is immaterial whether the duty is one imposed by the rule of common law requiring the exercise of ordinary care not to injure another, or is imposed by a statute designed for the protection of others. In either case the failure to perform the duty constitutes negligence, and renders the party liable for injuries resulting from it. The only difference is that in the one case the measure of legal duty is to be determined upon common-law principles, while in the other the statute fixes it, so that the violation of the statute constitutes conclusive evidence of negligence, or, in other words, negligence *per se*. The action in the latter case is not a statutory one, nor does the statute give the right of action in any other sense except that it makes an act negligent which otherwise might not be such, or at least only evidence of negligence. All that the statute does is to establish a fixed standard by which the fact of negligence may be determined. The gist of the action is still negligence, or the non-performance of a legal duty to the person injured.

What has been already said suggests the answer to the further contention that if any civil liability exists it is only against the clerk who sold the poison, and who alone is criminally liable. Whether the act constituting the actionable negligence was such on common-law principles, or is made such by statute, the doctrine of agency applies, to wit, that the master is civilly liable for the negligence of his servant committed in the course of his employment, and resulting in injuries to third persons.

Judgment affirmed.