## VICTORY SPARKLER & SPECIALTY CO. v. LATIMER et ux.*

### No. 9139.

Circuit Court of Appeals, Eighth Circuit.
Oct. 20, 1931.

Charles N. Sadler, of Kansas City, Mo. (Brown & Rollins, of Elkton, Md., and Phineas Rosenberg, of Kansas City, Mo., on the brief), for appellant.

Donald W. Johnson, of Kansas City, Mo. (J. M. Johnson and Arthur C. Popham, both of Kansas City, Mo., on the brief), for appellees.

*Rehearing denied December 8, 1931.

4

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

GARDNER, Circuit Judge.

The appellees, who are husband and wife, brought this action against appellant to recover damages because of the death of their minor child, Lawrence Lee Latimer, who at the time of his death was about three and a half years old. It is alleged that the child died of poisoning due to the ingestion of an article of fireworks known in the record as a "spit devil." It is alleged in the amended petition that defendant is engaged in the manufacture of fireworks and specialties, including' a certain article of fireworks designated as a "spit devil." This is described as circular in shape, having a diameter of approximately one inch, a thickness of approximately one-eighth inch, wrapped in plain red paper without any poison label or warnings upon it, and containing ingredients which would cause it to ignite, burn, and explode when subjected to a blow or friction; that this article was manufactured, sold and distributed by the defendant for the purpose of being resold to, and used by, small children for amusement, and was so distributed and sold with the knowledge that small children would handle and use the same; that it contained a large quantity of deadly poisonous substance, sufficient to cause death if taken in the mouth and swallowed by a human being; that because of the color and appearance of its wrapping it was attractive to small children and likely to be placed in their mouths and swallowed, unless warned not so to do by the dealers or retailers supplying and selling the same. It is then alleged that certain of these spit devils were placed in the hands of one Posey, a retailer at Kansas City, Mo., for the purpose of being sold to small children, and on or about the 4th day of July, 1924, the said child purchased a quantity thereof and placed one of them in its mouth, swallowing some of the poisonous ingredients therein contained, and, as a result, was fatally poisoned; that the retailer was unaware of the nature and poisonous character of the article so sold, and that the defendant "negligently and in reckless and wanton disregard of the safety of said child and small children and possible users of said article, wholly failed to warn or cause said retailer or said child to be warned of the presence of said poison and the deadly effect thereof, and wholly failed to label said article or to label its container as poisonous, or to print or disseminate any warning or instructions as to the presence or effect of said poison and ingredients, and plaintiffs allege that the death of their said child resulted directly from the aforesaid negligence and recklessness and wantonness and conduct of defendant."

The answer put in issue all the material allegations of the amended petition, and, in addition, pleaded contributory negligence. At the close of all the testimony, the defendant moved for a directed verdict, which was denied, and the jury returned a verdict in favor of the plaintiff on all the issues.

On this appeal, it is urged that the court erred in denying defendant's motion for a directed verdict, and that the evidence is insufficient to sustain a verdict in favor of the plaintiff.

In view of the verdict of the jury, the cause of death may scarcely be said to be a matter of controversy. Clearly, under the evidence, the jury might properly have found that the child's death resulted from the ingestion of the poisonous ingredients contained in the spit devil. The real question at issue is whether or not there was substantial evidence of actionable negligence on the part of the defendant. The negligence charged is the failure of the defendant to give warning or notice to the retailer or purchaser by placing appropriate labels upon the articles of fireworks, or the containers in which they were packed and shipped. The articles of fireworks themselves bore no labels indicating that they were poisonous, and the evidence of plaintiffs tended to prove that the cartons in which they were contained bore no such warning labels. Mr. Posey, the retailer from whose store the fireworks had been retailed, called as a witness for the plaintiff, testified, among other things, that, "None of the cartons I saw or sold had any warning written upon it anywhere that the contents were poisonous. All of the cartons I saw in the consignment were blank at the ends. * * * I did not know and was not warned on July 4, 1924, that these spit devils contained a deadly quantity of yellow phosphorous poisoning that might be fatal to children if taken into the mouth."

Some days subsequent to the date of the sale, a Mr. Hawthorne and a Mr. Johnson purchased a carton of these articles, similar to the carton from which the spit devils sold to the Latimer children were obtained. There was evidence that at the time of this purchase the cartons were all in the same condition as they were on July 4th, when the sale in question was made. Mr. Hawthorne, a

chemist, referring to this purchase of fireworks, testified to the poisonous character of the ingredients which they contained, and that the carton bore no poison label. Mr. Johnson also testified that there were no labels on the carton concerning poison. This testimony, it is true, was in conflict with the testimony of witnesses produced by the defendant, to the effect that the cartons had all been properly labeled. Among these witnesses was one Martin, who was employed by Posey as clerk, and who, in fact, sold the Latimer children the spit devil, the ingestion of which caused the death of the Latimer child. He testified that warning labels were attached to the cartons, and that by reason of the presence of such labels he, at the time he made the sale, knew the articles were poisonous.

In support of the contention that the evidence is insufficient to sustain the verdict and judgment, it is urged that the article was not manufactured for, nor intended to be used as, a food, nor to be taken into the mouth, and that the manufacturer could not be held liable for the use of this poisonous substance for a purpose other than that for which it was sold or intended. But the manufacturer made this article and put it upon the market for the use and amusement of small children and others. It was heavily impregnated with a deadly poison and was an exceedingly dangerous article to place in the hands of children of tender years, and, clearly, the manufacturer must have anticipated that this article would be used by children. It is alleged in the petition that they were attractive to small children, and likely to be placed in their mouths and swallowed. The evidence shows that other children had so done, and defendant's officers admitted knowledge of at least two such instances, both resulting in death. These poisonous articles were shaped like a lozenge, wrapped in plain red tissue paper, and, in view of their appearance, size, and character, we are of the view that the jury, under the instructions of the court in submitting this issue, was warranted in finding that in the case of children they were attractive to taste. One who deals with children must anticipate the ordinary behavior of children, and, in considering whether or not the defendant was negligent in placing these articles in the channels of trade, it must be remembered that they were intended for the use and amusement of children, as well as others. In the hands of children they were imminently dangerous, and the injury might reasonably have been anticipated. Binford v. Johnston, 82 Ind. 426, 42 Am. Rep. 508; Spires v. Goldberg, 26 Ga. App. 530, 106 S. E. 585; McEldon v. Drew, 138 Iowa, 390, 116 N. W. 147, 128 Am. St. Rep. 203; Bosserman v. Smith, 205 Mo. App. 657, 226 S. W. 608; Osborne v. Mc-Masters, 40 Minn. 103, 41 N. W. 543, 12 Am. St. Rep. 698.

Neither is the general rule that a manufacturer is not liable to third parties who have no contractual relations with him for negligence in the manufacture of such article applicable. The exceptions to this rule are quite as well established as the rule itself. Huset v. Case Threshing Machine Co. (C. C. A.) 120 F. 865, 61 L. R. A. 303.

It is also observed in this connection that the defendant contends that in fact it placed warning labels on these cartons. We must therefore assume that it was its judgment that proper practice required that warning labels be attached.

It is contended that it appears from the undisputed evidence that Posey, from whose store the spit devils were sold to the Latimer children, had knowledge of their poisonous character. The court instructed the jury that if he had such knowledge at or prior to the time of making the sale, then no recovery could be had, because the only purpose of placing labels upon the cartons was to convey such knowledge to the retailers. The testimony which it is claimed establishes this fact is that of the witness Martin. It is observed, however, that Martin disclaims any knowledge of the poisonous character of these articles, other than such as was conveyed to him by the labels which he testified were attached to the cartons. If, then, there were no labels attached, Martin could have had no knowledge of the poisonous character of the fireworks. In the final analysis, therefore, his testimony was to the effect that the cartons had warning labels attached. So considered, it was in conflict with the testimony of plaintiffs' witnesses, and the jury were not bound to believe Martin as against the testimony of witnesses for plaintiffs, especially in view of the fact that there was impeaching testimony to the effect that Martin had stated to at least two different persons, on two different occasions, that he did not know these articles were poisonous. The testimony of plaintiffs' witnesses was sufficient, if believed by the jury, to prove that the intervening agency, to wit, the retailer, did not have knowledge of the poisonous character of the spit devil, and there was no error in the de-

**6**

nial of defendant's motion for a directed verdict.

 Other alleged errors are urged, but they are not based upon proper assignments of error filed with the petition for appeal, and, hence, must be disregarded. It follows that the judgment should be, and is, affirmed.