RICHARD D. HUTCHINSON, A MINOR,
BY EDWIN T. HUTCHINSON, HIS FATHER AND
NATURAL GUARDIAN, v. EDWARD F. COTTON.[1]

April 18, 1952.

No. 35,645.

*William H. DeParcq, Donald T. Barbeau,* and *Chester D. Johnson,* for appellant.

*Warren B. King* and *Freeman, King, Larson & Peterson,* for respondent.

[1]Reported in 53 N. W. (2d) 27.

CHRISTIANSON, JUSTICE.

This case arises out of an action to recover damages for personal injuries allegedly caused by defendant's negligence. Appeal is taken from an order denying plaintiff's motion for a new trial made after the return of a verdict for defendant. The sole issue on appeal concerns the correctness of the trial court's refusal to instruct as requested that defendant's violation of a zoning ordinance provision constituted negligence per se.

Defendant, a building contractor by trade, maintained a workshop in a garage attached to his home in the residential district of the village of St. Louis Park, Minnesota. At the time of the injury, he was operating therein a power-driven jointer to plane three pieces of lumber which he intended to use as window frames in a home he was constructing two lots away. As boards were passed through the jointer, power-driven blades on a cylinder cut off shavings, which fell to the floor through a chute beneath the cylinder. Plaintiff, then five years of age, was injured when he inserted his left hand into the chute in an attempt to get some shavings and brought it in contact with the moving blades.

The case was submitted to the jury on general instructions of negligence, and a verdict returned for defendant. No error is assigned upon the instructions given. Plaintiff's sole contention is that defendant's operation of the jointer violated § 4 of the village zoning ordinance of St. Louis Park forbidding the conduct of a business in a private residential dwelling area,[2] and that the trial

---

[2] "An ordinance relating to and regulating the location, size and height of buildings, the arrangement of buildings on lots, and the density of population in the Village of St. Louis Park, and for the purpose of promoting the public health, safety, order, prosperity and general welfare in said Village and for said purpose to divide said Village into districts and make different regulations for different districts. * * *

\* \* \* \* \*

"§ 4. In the Residential District, * * * no building * * * shall be used * * * except for one or more of the following uses:

"1. Private dwellings, * * *.

\* \* \* \* \*

"11. Accessory buildings including one private garage or private stable,

court erred in refusing to instruct that such a violation by defendant constituted negligence per se. We shall assume that sufficient evidence of violation has been shown.

The only liability expressly imposed for violating the ordinance is that of fine or imprisonment.[3] However, plaintiff invokes the doctrine, well established in Minnesota, that, under certain circumstances, where a statute or ordinance[4] embodies a standard of conduct designed to protect a class of which plaintiff is a member, it is proper to substitute the legislative standard for that of the reasonable prudent man in determining whether defendant is civilly liable in negligence for having caused plaintiff's injury.[5]

We agree with the court below that this doctrine is inapplicable to the instant case. A zoning ordinance is not a safety statute in the usual sense of that term. Generally, zoning ordinances are regarded as being aimed primarily at conserving property values and encouraging the most appropriate use of land.[6] Nevertheless, the general safety of the community is unquestionably improved by

---

when located on the same lot, or parcel of property. Such accessory building shall not be used wholly or in part as a dwelling, except by one or two household employes and their families, of the occupant of the dwelling, nor for the conduct of any business, * * *.

"12. Use customarily incidental to any of the above uses when located on the same lot and not involving the conduct of a business; including home occupations engaged in by the occupant of a dwelling and not involving the conduct of a business on the premises, * * *."

[3]Section 24 of the ordinance reads as follows:

"Any persons who violate or refuse to comply with any of the provisions of this ordinance, shall, upon conviction thereof, be subject to a fine of not less than $5.00 or more than $100.00 for each offense, or to imprisonment not exceeding 90 days. Each day that a violation is permitted to exist that shall constitute a separate offense."

[4]Bott v. Pratt, 33 Minn. 323, 23 N. W. 237.

[5]Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543. See, generally, Standafer v. First Nat. Bank, 236 Minn. 123, 52 N. W. (2d) 718; Dart v. Pure Oil Co. 223 Minn. 526, 27 N. W. (2d) 555, 171 A. L. R. 885; 19 Minn. L. Rev. 667, and cases cited.

[6]Yokley, Zoning Law and Practice, §§ 10, 11; Smith, Zoning Law and Practice, § 2; Rathkopf, Law of Zoning and Planning (2 ed.) § 1, p. 2.

such ordinances; and, as indicated by the preamble to the ordinance in question, safety ranks among the purposes for their enactment. In the instant case, we shall assume that by prohibiting business use of residential premises the ordinance provision here in question contributes to community safety by tending to reduce both the number of power machines and the amount of their use in the residential district. However, the question remains whether the provision imposes a standard of conduct intended to measure civil liability. In our opinion it does not.

Section 4, subsection 12, of the ordinance authorizes—

"Use customarily incidental to * * * [a private dwelling] when located on the same lot and not involving the conduct of a business; including home occupations engaged in by the occupant of a dwelling and not involving the conduct of a business on the premises, * * * *."

The net effect of this provision is that in many situations violation of the ordinance is dependent solely upon the purpose for which a given act is done. For example, in the instant case neither the presence of the jointer in the garage nor its operation violated § 4 of the ordinance. Had the machine been used, as it sometimes was, solely to further a woodworking hobby of defendant, no question of violation could arise. Any violation of the provision stems from the purpose for which the machine is being used.

Within the area of acts which might be considered uses incidental to a private dwelling, the test of violation becomes one of motive. Motive may be one of the relevant considerations in establishing a standard of conduct to measure negligence; and, conceivably, a legislative body might reasonably decide that all acts done for a given purpose are negligent per se, even though not negligent if done for other purposes. However, an enactment which would make negligent all acts done for a business purpose would require the most careful legislative deliberation and the weighing of policy considerations. Such an intent should not be lightly inferred by the courts. From the language of the zoning ordinance before us, it does not clearly appear that the village council intended that § 4,

subsection 12, the violation of which depends solely on the motive or purpose of the actor, should serve as a standard of conduct by which to measure the negligence of an alleged tortfeasor. Therefore, we hold that the trial court did not err in refusing to give the requested instructions.

In view of our decision on this point, it is unnecessary to discuss the questions of the class intended to be protected, proximate cause, and others of a similar nature.

Affirmed.