WILFRED LAVALLE, A MINOR, BY LUELLA LAVALLE, HIS
MOTHER AND NATURAL GUARDIAN, v. HOMER G. KAUPP.[1]

November 27, 1953.

No. 36,053.

*Robins, Davis & Lyons,* for appellant.
*Lipschultz, Altman & Geraghty,* for respondent.

MATSON, JUSTICE.

Plaintiff appeals from an order denying his motion to substitute
as defendant the administratrix of the deceased defendant's estate
and also from an order granting defendant's motion for a dismissal
with prejudice.

Plaintiff, a minor, who was attacked and bitten by the defend-
ant's dog, brought this action to recover damages under M. S. A.
347.22 which provides:

---

[1]Reported in 61 N. W. (2d) 228.

"If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be in any urban area, the owner of the dog is liable in damages * * * to the full amount of the injury sustained."

Plaintiff did not allege that the defendant was negligent but relied solely on the above statute. Subsequent to the serving of the summons and complaint but before the trial, the defendant died. Plaintiff moved to substitute the administratrix of decedent's estate as a defendant under Rule 25.01. The court denied this motion and then granted defendant's motion for dismissal with prejudice. Plaintiff's appeal followed.

We have the following fundamental question: Does an action brought solely under § 347.22 (without any allegation of negligence in the complaint) survive the death of the defendant pursuant to § 573.01?[2]

■ Except as provided in § 573.02 (wrongful death statute), § 573.01 expressly permits no cause of action arising out of injuries to the person to survive the person against whom it exists unless such injuries were caused by the negligence of the deceased. Where the words of the law in their application to an existing situation are clear and free from ambiguity, as is the case here, the letter of the law is not to be disregarded under the pretext of pursuing the spirit. § 645.16. If there be any doubt as to the statutory meaning, it vanishes completely when the history of § 573.01 is examined. Our original survival statute (Pub. Stat. 1849-1858, c. 68, §§ 1 and

---

[2]Section 573.01 provides:

"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. It also dies with the person against whom it exists, except a cause of action arising out of bodily injuries or death *caused by the negligence* of a decedent survives against his personal representatives. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter." (Italics supplied.)

2),[3] which was taken verbatim from our territorial statutes (R. S. 1851, c. 78, §§ 1 and 2), provided that a cause of action arising out of injury to the person died with the person of either party except as provided in the wrongful death act. The original statute was first amended in 1866 (G. S. 1866, c. 77, § 1) by striking out the explanatory clause at the end of the second section (see the italicized portion of the original statute as quoted in footnote 3). With this minor amendment the original act remained in full force and effect as declaratory of the common-law rule governing the abatement and the survival of causes of action for personal injuries.[4]

It was not until 1941 that the statute was again amended (L. 1941, c. 440, § 1), and then for the first time we have a specific change in the provision that all causes of action for personal injuries die with the person of either party. In that year, the Minnesota State Bar Association sponsored a bill which, had it been adopted, would have provided that any cause of action arising out of injuries to the person would survive the person against whom the cause of action arose. This amendatory bill in its sweeping form was not adopted by the legislature until it was specifically changed by limiting the provision for the survival of all personal injury causes so that it would apply only to those causes growing out of personal injuries *which are the result of the negligence of the decedent.* As thus amended (L. 1941, c. 440, § 1) we have the statute in its present form (§ 573.01). The action of the legislature in this case was clearly indicative of a deliberate intent that a cause of

---

[3]Pub. Stat. 1849-1858, c. 68, §§ 1 and 2, provide:

"A cause of action arising out of an injury to the person, dies with the person of either party, except as provided in section three." (Wrongful death statute.)

"All other causes of action, by one against another, whether arising on contract or not, survive to the personal representatives of the former, and against the personal representatives of the latter; *therefore, the executors or administrators, may maintain the action against the party against whom the cause of action accrued, or after his death, against his representatives.*" (Italics supplied.)

[4]See, Eklund v. Evans, 211 Minn. 164, 300 N. W. 617; 26 Minn. L. Rev. 219.

action arising out of personal injuries should continue to die with the person against whom it existed *except when such personal injuries are caused by decedent's negligence.* We find no basis whatever for plaintiff's contention that the 1941 amendment was ambiguous in itself or that it injected ambiguity into § 573.01. Clearly, as § 573.01 now stands, no cause of action for personal injuries survives the person against whom it exists unless such injuries be caused by decedent's negligence.

■ Plaintiff in a continuation of his quest for helpful ambiguity asserts that, even though § 573.01 permits a cause of action for personal injuries to survive only when based on *negligence,* the trial court erred. His theory is that any action brought solely under § 347.22 by necessary implication involves negligence in the form of negligence per se. Again we must disagree with plaintiff. A strict liability in damages, irrespective of any question of negligence and without the proof of *scienter* as at common law,[5] is imposed by § 347.22 upon the owner of a dog for injuries which the dog, without provocation, inflicts upon a person who is peaceably and lawfully conducting himself while in an urban area. The statute leaves the dog owner in the same position which the common law left the keeper of a wild animal; namely, with the strict liability of an insurer.

We do not have here the situation that arises where a statute imposes a positive standard of conduct upon the actor and liability follows as an incident of the actor's failure to comply with that standard. A statutory standard of care is but a legislative substitute for the common-law standard of the reasonably prudent man.[6] One breaching a statutory duty cannot be heard to say (in the absence of a statutory exception such as an express provision

---

[5]As to common-law rules, see Maron v. Marciniak, 165 Minn. 156, 205 N. W. 894; Olson v. Pederson, 206 Minn. 415, 288 N. W. 856; Restatement, Torts, § 509, *comments f* and *g;* 13 Minn. L. Rev. 632. As to distinction between survival and wrongful death statute, see 2 Minn. L. Rev. 292.

[6]See, Hutchinson v. Cotton, 236 Minn. 366, 53 N. W. (2d) 27, 31 A. L. R. (2d) 1465; Dart v. Pure Oil Co. 223 Minn. 526, 27 N. W. (2d) 555, 171 A. L. R. 885; Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543.

designating the breach as only prima facie evidence of negligence) that the breach was consonant with any degree of care, and it follows that such breach is negligence per se.[7] Although we have recognized that negligence per se is not true negligence at all,[8] it is immaterial when a breach of legal duty is once established whether the breach involves common-law negligence or negligence per se because in any event the actor is liable in damages.[9] Liability for a breach of legal duty is based on negligence. In the present case, however, we are not concerned with either ordinary negligence or negligence per se because pursuant to § 347.22 a strict liability is imposed without regard to the breach of any statutory or common-law duty and the dog owner is liable in damages for injuries resulting from the unprovoked attack of his dog *even though the owner acted with due care*. A cause of action arising under such section is therefore not dependent at all for its existence upon any form of negligence.[10]

It follows that an action such as plaintiff's which is brought solely under § 347.22 is not founded on negligence and therefore does not survive a deceased defendant pursuant to § 573.01. This decision does not of course concern itself with any right of action which the plaintiff may have against the defendant on any theory of common-law negligence.

The orders of the trial court are affirmed.

Affirmed.

---

[7]Osborne v. McMasters, *supra.*

[8]See, Mayes v. Byers, 214 Minn. 54, 7 N. W. (2d) 403, 144 A. L. R. 821; Suess v. Arrowhead Steel Products Co. 180 Minn. 21, 230 N. W. 125.

[9]Osborne v. McMasters, *supra.*

[10]See, Prosser, Torts, §§ 56 to 61; cf. Olson v. Pederson, 206 Minn. 415, 288 N. W. 856.