**Fred J. BOITZ, et al., Appellants,**

v.

**Paul PREBLICH, Jim Miller, Respondents.**

No. C4–86–1777.

Court of Appeals of Minnesota.

May 19, 1987.

Laurence J. Klun, Ely, for Boitz, et al.

Roland T. Wivoda, Abate, Wivoda, Clark & Preblich, Hibbing, for Preblich.

Mark C. Weir, Greenberg, Colosimo & Patchin, Virginia, for Miller.

Heard, considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Fred and Patricia Boitz brought an action based on strict liability, common law scienter, common law negligence, and negligence per se against respondents Paul Preblich and Jim Miller, for injuries Fred Boitz sustained when Preblich's dog bumped him, causing him to fall. The trial court granted respondents' motions for summary judgment on all causes of action. Fred and Patricia Boitz appeal. We affirm in part, reverse in part, and remand for trial.

## FACTS

On the morning of December 13, 1984, Fred Boitz was driving through the alley behind his house when he noticed the lights of his neighbor Preblich's car were on. Boitz approached Preblich's house and, through the back door, informed Preblich and Miller, a friend of Preblich's who had borrowed the car, that the lights were on.

As Miller opened the door to go turn off the lights, Preblich's two year old, thirty pound springer spaniel "Killer"[1] ran out the door, down the footpath toward the alley. As Boitz walked down the footpath back to his car, the dog bumped into the back of his legs. Boitz lost his balance and fell. He broke his wrist and allegedly sustained back injuries. At the time of the incident, Preblich knew his dog was friendly and active, and had a history of going outside early in the morning.

The trial court entered summary judgment in favor of respondents Preblich and Miller on all of appellants' theories: Minn.

Stat. § 347.22; common law scienter; common law negligence; and Ely City Ordinance § 515.09, negligence per se.

## ISSUES

1. Did the trial court err by finding Minn. Stat. § 347.22 does not impose liability on dog owners for injuries caused by a dog absent a showing of viciousness?

2. Did the trial court err by finding Minn. Stat. § 347.22 does not impose liability on non-owners of dogs?

3. Did the trial court err by granting respondents summary judgment on appellants' common law scienter claim?

4. Did the trial court err by granting respondents summary judgment on appellants' common law negligence claim?

5. Did the trial court err by finding no violation of Ely, Minn., Code § 515.09 (1957)?

## ANALYSIS

When reviewing summary judgment, we will determine whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The moving party has the burden of proof. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981). This court "must view the evidence most favorable to the party against whom the motion was granted." *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982).

### I.

*Owner's Liability Under Minn. Stat. § 347.22*

Appellants allege respondents are liable to them under Minn. Stat. § 347.22 (1984). The statute states in pertinent part:

> If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he

---

1. The dog's real name is Saunders. Apparently Preblich's children nicknamed the dog "Killer" as a joke, not because it had vicious propensities.

may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained.

The question controlling appellants' ability to recover under § 347.22 is the meaning of the words "attacks or injures." Black's Law Dictionary defines "injure" as follows:

> To violate the legal right of another or inflict an actionable wrong. To do harm to, damage, or impair. To hurt or wound, as the person; to impair the soundness of health.

Black's Law Dictionary 706 (5th ed. 1979). It is conceded Boitz suffered an "injury."

The trial court stated that § 347.22 should be limited to apply only to bites or other "vicious or dangerous" attacks by dogs. The court concluded the statute did not apply to an "accidental" bumping by a dog, and that, as a matter of law, Preblich was not liable under the statute for Boitz's injuries.

In a case interpreting Minn.Stat. § 347.-22, the supreme court found that § 347.22 is a strict liability statute. *Lavalle v. Kaupp*, 240 Minn. 360, 61 N.W.2d 228 (1953).

> A strict liability in damages, irrespective of any question of negligence and without the proof of *scienter* as at common law, is imposed by § 347.22 upon the owner of a dog for injuries which the dog, without provocation, inflicts upon a person * * *. The statute leaves the dog owner in the same position which the common law left the keeper of a wild animal; namely, with the strict liability of an insurer.

*Id.* at 363, 61 N.W.2d at 230 (footnotes omitted). The court found that a "dog owner is liable in damages for injuries resulting from the unprovoked attack of his dog *even though the owner acted with due care.*" *Id.* at 364, 61 N.W.2d at 231 (emphasis in original). *See also Seim v. Garavalia*, 306 N.W.2d 806 (Minn.1981) (There are "compelling reasons to conclude that section 347.22 was meant to provide absolute statutory strict liability.")

■ Appellants contend the trial court's conclusion the statute pertains only to vicious or dangerous attacks by dogs would render the "or injures" language of the statute meaningless. We agree. The statutory language does not indicate a limitation to vicious attacks. The phrase "or injures," given its plain meaning, must encompass injuries other than those caused by attack, which injuries are specifically covered by the word "attacks." For instance, some dogs, particularly larger ones, may without malice rear up and place their front paws on small children or elderly or disabled persons, causing them to fall and suffer injuries. The case before us represents a not uncommon example of how a dog, without the intent to attack or be vicious, can directly cause injury to someone. From the plain meaning of Minn. Stat. § 347.22, we hold that injuries inflicted by a dog outside the scope of a vicious attack are not, as a matter of law, excluded from coverage under the statute. Appellants are entitled to a trial under § 347.22.

## II.

*Minn.Stat. § 347.22 Applicability to Non-Owner*

■ Respondent Miller contends he is not liable under Minn.Stat. § 347.22 because he is not Killer's owner. For the purpose of § 347.22, "[t]he term 'owner' includes any person harboring or keeping a dog but the owner shall be primarily liable." *Id.* The trial court found that the statute's limitation to owners expressly excluded Jim Miller from liability under § 347.22. We agree.

Appellants do not argue that Miller is Killer's owner within the meaning of the statute. They assert that "[e]xtension of liability under M.S. 347.22 to Respondent Miller is provided under the principle of agency." According to appellants, in the month during which he visited Preblich regularly, Miller gained knowledge of Killer's propensities, and acted on Preblich's behalf when he let the dog out.

Appellants cite no authority for the proposition that § 347.22 extends liability to agents of the dog's owner. The facts do not support a sufficient agency argument to survive summary judgment. There is no

genuine issue of material fact as to whether Miller was "harboring or keeping" the dog at the time of the incident. Miller happened to be in the house and, because of prior visits, had a passing knowledge of the dog, as any neighbor or acquaintance might. The record discloses no evidence to show that Miller either controlled or had any right to exercise control or authority over Preblich's dog. The trial court correctly concluded that respondent Miller was not liable under § 347.22.

## III.

### Common Law Scienter

■ Appellants contend that in view of evidence that respondents knew of Killer's propensity to run down the path,[2] the trial court erred by granting summary judgment to respondents on appellant's scienter theory. Miller claims as a guest in Preblich's house, he is not liable to Boitz under a scienter theory. We agree. A scienter action normally does not lie against a social guest in the owner's home.

> The gravamen of the action is the neglect of the owner of an animal known by him to be vicious, and liable to attack and injure people, to restrain him as to prevent the risk of damage.

*Anderson v. Anderson,* 259 Minn. 412, 415, 107 N.W.2d 647, 649 (1961) (quoting *Cuney v. Campbell,* 76 Minn. 59, 62, 78 N.W. 878, 879 (1899)) (emphasis added).

■ Appellants claim Killer's known propensity for hyperactive behavior and for running was sufficient to indicate the dog was likely to cause harm.

> [N]otice of [a propensity to injure] must be such as to put a prudent man on his guard. * * * Proof of the vicious character of the animal is quite as essential in order to sustain a recovery as is proof of the scienter.

*Id.*

> [An animal's] propensity is vicious if it tends to harm, *whether manifested in play or in anger,* or in some outbreak of

untrained nature which, from want of better understanding, must remain unclassified.

*Clark v. Brings,* 284 Minn. 73, 82, 169 N.W.2d 407, 413 (1969) (emphasis added). The mere dangerousness of an animal's character, and not any intentional malevolence, must be proved to render the owner liable. *Id.,* 284 Minn. at 82, 169 N.W.2d at 413.

Appellants argue that there is at least a jury question as to whether Killer's tendency to run into the yard and toward the alley was a dangerous propensity, one which "would clearly cause injury where injury would not otherwise occur." We do not agree.

Appellants do not claim Killer ever injured anyone, either in anger or in play. In spite of his friskiness, Killer safely played with both Miller's and Preblich's children. Although Killer is an affectionate dog, there are no allegations that he jumped up on visitors or ever knocked anyone over, either intentionally or accidentally.

■ Appellants cite *Harris v. Breezy Point Lodge,* 238 Minn. 322, 56 N.W.2d 655 (1953) for the proposition that viciousness of an animal need not be shown in order for a plaintiff to recover his injuries. In *Harris,* the court found stubbornness and balkiness of a horse made it dangerous to inexperienced riders. It held the jury properly found the horse's owner had notice of the horse's dangerous propensities, justifying an award for plaintiff, who was injured in a fall from the horse. The mere fact that here a dog has a tendency to run does not constitute a "dangerous" propensity in the sense that balkiness would be dangerous in a riding horse. *See id.; see also Matson v. Kivimaki,* 294 Minn. 140, 155, 200 N.W.2d 164, 172 (1972).

## IV.

### Negligence

If proof is adequate to show that respondents were negligent, appellant may recov-

---

**2.** Appellant cites to *Jones v. Utica Mutual Insurance Co.,* 463 So.2d 1153 (Fla.1985). In *Jones,* the Florida Supreme Court interpreted Fla. Stat. § 767.01 (1979), which states: "Owners of dogs shall be liable for any damage done by their dogs to persons." *Jones,* 463 So.2d at 1155. Applying a "but for" test, the Florida Supreme Court held that a dog's owner was liable for damages resulting when a twelve year old boy was struck by a wagon pulled by the dog.

er without a showing of the dog's viciousness or of scienter. *Ryman v. Alt*, 266 N.W.2d 504, 508 (Minn.1978). To maintain a claim of negligence, appellants must show:

> (1) duty; (2) breach of that duty; (3) that the breach of duty be the proximate cause of plaintiff's injury; and (4) that plaintiff did in fact suffer injury.

*Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn.1982) (quoting *Schmanski v. Church of St. Casimir of Wells*, 243 Minn. 289, 292, 67 N.W.2d 644, 646 (1954)).

> The issue of negligence is for the jury except in those cases where it clearly appears to the trial court, after accepting the view of the evidence most favorable to the adverse party including all reasonable inferences to be drawn therefrom, that it would be its duty to set aside a contrary result as not justified by the evidence or as contrary to the law applicable to the case.

*Peterson v. Pawelk*, 263 N.W.2d 634, 636 (Minn.1978) (quoting *Bowe v. Fredlund*, 295 Minn. 103, 108, 203 N.W.2d 327, 331 (1972)).

Appellants allege Preblich's failure to restrain Killer was the proximate cause of his injuries. The trial court concluded respondents were not negligent as a matter of law because the accident was not forseeable. Respondents' actions or omissions enabling Killer to leave the house were not negligent if the resulting accident was not reasonably foreseeable. *See Flom v. Flom*, 291 N.W.2d 914, 916 (Minn.1980).

■ There is no indication Preblich or Miller had any reason to anticipate that personal injury would result to Boitz, or anyone else, if Killer left the house. Preblich admits to certain facts. He agrees that Killer was friendly, active, and liked to run. He knew that at the time of the morning when the accident occurred, Killer would probably try to get outside. When Killer was outside, Preblich normally clipped the dog's collar to a chain secured to the steps of his garage, because Killer would otherwise run "all over somebody's garden or in somebody's yard." Taking this evidence into account, even in the light most favorable to appellants, we affirm the trial court's ruling respondents were not negligent as a matter of law.

Issues of negligence are questions of fact that are not ordinarily susceptible of summary judgment. *Sauter v. Sauter*, 244 Minn. 482, 486, 70 N.W.2d 351, 354 (1955). However, here we affirm the trial court's holding that, as to both respondents, there was no common law negligence action as a matter of law. Killer inadvertently collided with Boitz. In *Matson v. Kivimaki*, 294 Minn. 140, 200 N.W.2d 164 (1972), the supreme court found no right to recover under common law negligence for injuries sustained when a springer spaniel bit a 2½ year old child. Similarly, we agree with the trial court that Boitz's injuries, although unfortunate, were not the probable or foreseeable consequence of respondents' action or inaction.

## V.

### Running at Large

Appellant contends that a violation of Ely, Minn., Code § 515.09 (1957) entitles him to recovery under the theory of negligence per se.

> Negligence per se is a form of ordinary negligence that results from violation of a statute. * * * Negligence per se may exist when the reasonable person standard is supplanted by a standard of care established by the legislature.

*Seim v. Garavalia*, 306 N.W.2d 806, 810 (Minn.1981). *See also Henderson v. Bjork Monument Co.*, 222 Minn. 241, 24 N.W.2d 42 (1946):

> where the statute, for the protection and benefit of individuals, prohibits a person from doing an act, or imposes upon him a duty, if he disobeys the prohibition or neglects to perform the duty, he is liable to those for whose protection the statute was enacted for any damages resulting proximately from such disobedience or neglect.

*Id.* at 245, 24 N.W.2d at 45 (citation omitted).

Ely City Ordinance § 515.09 provides that:

No dag [sic] shall be permitted to run at large within the limits of the City. This restriction does not prohibit the appearence [sic] of any dog upon streets or public property when the dog is under restraint and is kept under the control of the person charged with its care.

The ordinance defines restraint: "A dog is under restraint, within the meaning of this section if * * * *within the property limits of its owner.*" Ely, Minn., Code § 515.03 (1957) (emphasis added).

 The terms "at large" and "under restraint" are mutually exclusive in the context of the ordinance. A dog that is "under restraint" within the meaning of § 515.03 is not "running at large" within the meaning of § 515.09. The evidence is undisputed that at the time of the accident, Killer was on Preblich's property. Therefore, he was not "running at large" within the meaning of § 515.09. Respondents did not violate the ordinance, and the trial court correctly dismissed that theory of liability.

## DECISION

Minn. Stat. § 347.22 imposes liability on a dog owner for injuries caused by the dog, even absent a showing of viciousness. Minn. Stat. § 347.22 does not impose liability on non-owners of dogs. The trial court did not err by granting respondents summary judgment on appellants' common law scienter claim where there was no indication of the dog's likelihood to cause harm. The trial court did not err by granting respondents summary judgment on appellants' negligence claim where the likelihood of harm was not forseeable. Ely, Minn., Code § 515.09, which prohibits a dog's running at large, does not impose liability under a theory of negligence per se for injuries caused by a dog on its owner's property.

Affirmed in part, reversed in part, and remanded for trial.