James LEWELLIN, on Behalf of the
HEIRS OF Chazdon LEWELLIN, deceased, and James Lewellin, individually, Respondents,

v.

Susan HUBER, et al.,
Petitioners, Appellants.

No. C5–90–75.

Supreme Court of Minnesota.

Jan. 25, 1991.

J.D. Haas, Eden Prairie, for appellants.

William A. Erhart, Marvin & Erhart, Anoka, for respondents.

SIMONETT, Justice.

This case concerns liability under the dog owner's liability statute, Minn.Stat. § 347.22 (1990). The court of appeals ruled that a dog's nonhostile behavior which sets in motion a chain of events causing injury to a person some distance away comes within the statute and may impose liability on the dog owner. We disagree and reverse.

This case was presented to the trial court on cross-motions for summary judgment based on stipulated facts. Defendant-appellants Susan and Randy Huber owned a 6–month–old Golden Retriever. Before leaving on a vacation trip, they arranged for defendant-appellant Tonia Stomberg, 16 years old, to "house-sit" and to care for their dog.

On July 6, 1987, Tonia was driving her automobile with the dog in the back seat. The dog attempted to get in the front seat by climbing between the bucket seats. In doing so, the dog put its head in Tonia's face and was "bugging" her. Tonia was distracted, and while attempting to get the dog settled, the car went off the road and ran over a 9–year–old boy, Chazdon Lewellin, who was lying in the ditch. The boy was killed. "I looked up," said Tonia, "[and I] was going off the road and could not stop. I saw the boy lying in the ditch sort of toward the road. I could not stop and drove over him."

The dog had a tendency to be "frisky," but had never attacked or bit anyone, nor had it ever demonstrated any vicious propensities. On one occasion, while Mr. Huber had the dog in the car, it tried to get in the front seat. As a result, Mr. Huber usually restrained the dog in the back seat by putting a seat belt through the dog's collar. Tonia was not aware of this. Tonia had played with the dog on occasions before the accident without incident.

On the basis of these facts, the trial court ruled that plaintiff trustee for the heirs of Chazdon Lewellin was entitled to recover damages as stipulated against the defendant dog owners for violation of the dog owner's liability statute. The court of appeals, in a split decision, affirmed the application of the statute but reversed and remanded for trial because "a genuine issue of material fact exists as to intervening negligence of the driver." *Lewellin v. Huber*, 456 N.W.2d 94, 98 (Minn.App.1990). We granted defendants' petition for further review.

Minn.Stat. § 347.22 (1990) reads in part:

If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained.

The issue in this case is how should the statutory phrase "attacks or injures" be

understood? Does any conduct by a dog, no matter how innocuous, if it sets in motion a chain of events causing injury to a person, result in liability? Or is the ambit of liability something less? We think it is something less.

■ The phrase "attacks or injures" must be understood within its statutory context.[1] Minn.Stat. § 347.22 belongs to an "exceptional class" of statutes. *Seim v. Garavalia*, 306 N.W.2d 806, 811 (Minn. 1981). As *Seim* explains, liability is absolute. It makes no difference that the dog owner may have used reasonable care; negligence is beside the point. Past good behavior of the dog is irrelevant. Neither the common law affirmative defenses nor statutory comparative fault are available to the defendant dog owner. (The owner does, however, have the defenses of provocation and failure of the injured person to conduct himself peacefully while in a lawful place.) Whoever keeps or harbors the dog is subject to the statutory liability for the "full amount of the injury," and the dog's owner remains at all times primarily liable. The cause of action is for personal injury, and only to "the person so attacked or injured." Legal causation is, of course, one of the elements to be established for this statutory cause of action.

"To attack" means "to move against with more or less violent intent, implying aggressiveness in any sense and the initiative in the onset." *Webster's Third New Int'l Dictionary* 140 (1971). When a dog attacks, it bites; when it bites a person, it attacks. But what did the legislature mean when it added "or injures"?

Having in mind liability is absolute and the fact that in the phrase "attacks or injures" the two verbs are in tandem, it would appear that the legislature intended the verb "injures" to cover a dog's affirmative but nonattacking behavior which injures a person who is immediately implicated by such nonhostile behavior. This was the conclusion reached, too, by the court of appeals in a recent case, *Boitz v. Preblich*, 405 N.W.2d 907 (Minn.App.1987) (recovery allowed under the statute when a dog ran into a person and the person fell and was injured).

To put it another way, when a dog *attacks* a person without provocation, there is no attenuated chain of causation between the attack and the injury. The cause of the injury sustained is itself the gist of the statutory wrong. Similarly, it is intended that there be no attenuated chain of causation when the dog "injures" a person, such as when a dog exuberantly jumps upon or unintentionally runs into a person and injures that person. This interpretation of the statute is borne out by our case law and the statute's legislative history.

■ Ordinarily, a statute will not be construed to create absolute liability unless it is designed to protect a limited class of persons from their inability to protect themselves. *Compare Dart v. Pure Oil Co.*, 223 Minn. 526, 535–40, 27 N.W.2d 555, 560–62 (1947) (no absolute liability because statute prohibiting sale of adulterated kerosene was not to protect a limited class); *with Zerby v. Warren*, 297 Minn. 134, 140, 210 N.W.2d 58, 62 (1973) (violation of statute prohibiting sale of glue to minors creates absolute liability). In *Seim*, 306 N.W.2d at 812, however, we said, "Although section 347.22 was *not* enacted to protect a limited class of persons unable to protect themselves, we hold that the legislature intended to impose absolute liability upon a violator of the law for two reasons." (Emphasis added.) The first reason we gave for imposing absolute liability is very significant for our purposes here. We said that our case law construed the statute to place the entire responsibility of injury on the dog's owner if the elements of the statute were met; and, therefore, "except for the defenses already built into the law, *recovery is insured in all cases.*" *Id.* (emphasis added).

1. The parties have cited cases from other jurisdictions construing their dog owner liability statutes. We have considered these cases, which vary in their interpretations of their particular statutes, but, in the final analysis, we find that our statute is best understood in light of its own legislative history and our own established case law.

In other words, according to *Seim*, if the dog "attacks or injures" a person, that person's recovery (assuming the statutory defenses are not applicable) is always assured because proximate cause, as a practical matter, is not a problem. Proximate cause is rarely a disputed issue because the statutory phrase "attacks or injures" contemplates action by a dog that directly and immediately produces injury to the person the dog attacks or injures.

■ We need not decide if legal causation for purposes of the dog owner's liability statute under all possible scenarios requires direct contact between the dog and the injured person. It is enough to say here that legal causation for absolute liability under the statute must be direct and immediate, *i.e.*, without intermediate linkage.[2]

■ This interpretation is also supported by the legislative history of the dog owner's liability statute. In ascertaining legislative intent, "the occasion and necessity for the law" as well as "the mischief to be remedied" are to be considered. Minn.Stat. § 645.16 (1990). From tapes of legislative hearings, it is clear that the legislature considered the statute to be designed for the protection of people who are subject to attacks and immediate harm from dogs, especially persons who come upon private residential premises lawfully.[3]

■ Finally, it is significant that § 347.22 is not an exclusive remedy for injuries caused by dogs. Also available to an injured claimant is a cause of action against the dog owner for common law negligence. *See Ryman v. Alt*, 266 N.W.2d 504, 508 (Minn.1978). In a common law negligence action, the claimant can recover from the dog owner by proving the dog owner failed to use reasonable care in controlling the dog. In this common law setting, the traditional concept of causation governs, *i.e.*, all injuries naturally and proximately resulting from the negligence. But to elongate similarly the causal chain under the "dog bite" statute would extend absolute liability beyond its intended purpose and reach.

■ Courts have always used the tort doctrine of proximate cause, as distinguished from causation in fact, to implement public policy in establishing the parameters of liability. Thus this court has frequently quoted Prosser's statement that, "[a]s a practical matter, legal responsibility must be limited to those causes which are so close to the result, or of such significance as causes, that the law is justified in imposing liability. This limitation is not a matter of causation, it is one of policy * * *." Prosser, *The Minnesota Court on Proximate Cause*, 21 Minn.L.Rev. 19, 22 (1937), cited in, for example, *Butler v. Northwestern Hospital of Minneapolis*, 202 Minn. 282, 288, 278 N.W. 37, 40 (1938); and *Robinson v. Butler*, 226 Minn. 491, 494, 33 N.W.2d 821, 823 (1948). In apply-

**2.** All prior Minnesota appellate decisions have applied § 347.22 only to acts of dogs that involved direct contact with the victim. *See Bailey by Bailey v. Morris*, 323 N.W.2d 785 (Minn. 1982) (dog bite); *Seim v. Garavalia*, 306 N.W.2d 806 (Minn.1981) (dog bite); *Gilbert v. Christiansen*, 259 N.W.2d 896 (Minn.1977) (dog bite); *Verrett v. Silver*, 309 Minn. 275, 244 N.W.2d 147 (1976) (dog bite); *Matson v. Kivimaki*, 294 Minn. 140, 200 N.W.2d 164 (1972) (dog bite); *LaValle v. Kaupp*, 240 Minn. 360, 61 N.W.2d 228 (1953) (dog bite); *Grams v. Howard's O.K. Hardware*, 446 N.W.2d 687 (Minn.App.1989) (dog bite); and *Boitz v. Preblich*, 405 N.W.2d 907 (Minn.App.1987) (dog knocked down victim).

**3.** During the enactment of the original statute in 1951, the minutes of the House Judiciary Committee for February 7, 1951, show the bill's proponents were four letter carriers, a firefight-

er, a representative of tradespeople, and the father of a child who had been bitten by a dog. The minutes of the same committee for February 13 show the committee discussed "the need for the bill as regards mail carriers, service men, etc."

In 1979 the statute was amended to extend its reach to rural as well as urban areas and to make the owner "primarily liable." The sponsor of the amendment described the bill to the Senate Judiciary Committee as a "very simple bill * * *. It relates to people being injured by dog bites." (Hearing on S.F. 1042, Sen.Judiciary Comm., 71st Minn.Leg., April 20, 1979, audio tape) (comments of Senator Menning). The committee pointed out the purpose of the 1951 law was to eliminate the "one free bite" rule of common law; and throughout the discussion, the legislation was referred to as the "dog bite" statute. *Id.*

ing our dog owner's liability statute, public policy and legislative intent are best served by limiting proximate cause to direct and immediate results of the dog's actions, whether hostile or nonhostile.

■ In this case a 6–month–old Golden Retriever, trying to get from the back seat to the front seat of a car, puts its head between the two bucket seats and into the driver's face, thereby distracting the driver, who in addition to being the dog's keeper was also charged with using due care in the operation of her automobile. As the stipulated facts then put it, "[w]hile attempting to get the dog settled," the driver lost control and the car went off the road, fatally injuring another party, a child by the roadside. There was no direct, immediate connection between the dog's behavior and the child lying in the ditch. The dog's conduct was directed at the driver of the car. The driver's subsequent efforts to handle the dog's distracting but nonattacking conduct introduced another link in the chain of causation. Though there may be causation in fact here, this chain of events is too attenuated to constitute legal causation for the radical kind of liability that the statute imposes. Consequently, we hold as a matter of law there is no causation for absolute liability under § 347.22.

We agree, however, with the dissenting judge on the court of appeals panel that this case should be remanded to the trial court to permit plaintiff to assert a negligence cause of action if he chooses to do so.

Reversed and remanded.

GARDEBRING, J., took no part in the consideration or decision of this case.

YETKA, Justice (dissenting).

I respectfully dissent because I think that a plain reading of the statute requires a finding that the dog owner statute applies to this case. Thus, the case should be remanded for trial on the question of whether there was a proximate cause between the dog's actions and the injury. That is a question of fact for a jury to decide. If there was, then liability at-

taches, and the only remaining question is damages.

While I agree with the majority opinion that the legislative history of the statute indicates that the legislature was primarily concerned with dog-bite cases, in drafting this statute, it was not so limited because the statute indicates that liability will attach "if a dog, without provocation, attacks or injures any person * * *." The statute does not say "attacks and injures;" it says "attacks or injures."

Moreover, other states with similar statutes have held the owner liable in very similar circumstances. In Illinois, a similar statute reads as follows:

If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained.

Ill.Ann.Stat, ch. 8, para. 366 (Smith–Hurd 1975 & Supp.1990). The Illinois courts have interpreted this statute to create two forms of liability on the part of dog owners: one, by an aggressive violent action designed to inflict injury and, two, by an action which is in itself harmless but which, under a particular set of facts, results in injury. *Chittum v. Evanston Fuel & Material Co.*, 92 Ill.App.3d 188, 191, 48 Ill. Dec. 110, 112–13, 416 N.E.2d 5, 7–8 (1980); *Forsyth v. Dugger*, 169 Ill.App.3d 362, 365, 119 Ill.Dec. 948, 950, 523 N.E.2d 704, 706 (1988).

Under chapter 8, paragraph 366, the plaintiff must demonstrate four elements: "(1) injury caused by an animal owned by the defendants; (2) lack of provocation; (3) peaceable conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be." *Forsyth, id.* at 365, 119 Ill.Dec. at 950, 523 N.E.2d at 706. In addition, the Illinois courts also note that an "animal causes the injury of the person if it is the proximate cause of the injury." *Id.* In regard to causation, the Illinois courts held that "[t]he question of whether the injury was caused by the same independent act of the

plaintiff or others is a question of fact to be decided by the jury." *Taylor v. Hull*, 7 Ill.App.3d 218, 219, 287 N.E.2d 167, 168 (1972). In *Taylor*, a driver was injured when he lost control of his car after striking the defendant's dog, which was running loose on a road. The *Taylor* court held that the facts disclosed that the dog performed an "overt act and was not a mere passive force." *Id.* at 220, 287 N.E.2d at 168 (construing an older, but substantially similar, version of the Illinois dog-bite statute). *See also Bailey v. Bly*, 87 Ill.App.2d 259, 231 N.E.2d 8 (1967) (the court refused to apply the statute to a woman who tripped over defendant's dog, stating that there must be behavior on the part of the dog which caused injury and that liability may not be imposed "as pure penalty for dog ownership." *Id.* at 262, 231 N.E.2d at 9).

Finally, the Illinois courts have also noted that chapter 8, paragraph 366 is not an absolute or strict liability statute; thus, the common law defenses apply. *Vanderlei v. Heideman*, 83 Ill.App.3d 158, 160–61, 38 Ill.Dec. 525, 526–27, 403 N.E.2d 756, 757–58 (1980).

The Oklahoma dog-bite statute now reads as follows:

> The owner or owners of any dog shall be liable for damages to the full amount of any damages sustained when his dog, without provocation, bites or injures any person while such person is in or on a place where he has a lawful right to be.[1]

Okla.Stat.Ann. tit. 4, § 42.1 (West 1990).

The Oklahoma Supreme Court requires four elements to establish liability under section 42.1: "(1) ownership; (2) lack of provocation; (3) injury to the plaintiff by the accused dog; and (4) lawful presence of the plaintiff on the defendant's premises at the time of the attack." *Hampton v. Hammons*, 743 P.2d 1053, 1058 (Okla. 1987); *Hood v. Hagler*, 606 P.2d 548, 550 (Okla.1979). Though Oklahoma has not

had to decide cases where there are attenuated circumstances like those involved here or in the Illinois cases, under the fourth prong of the test, it requires an "attack." *Id.* Thus, it appears that the Oklahoma court reads its statute narrowly.

The Wisconsin Court of Appeals has recently expanded the reading of the Wisconsin dog-bite statute, which provides as follows:

> (1) Liability for injury. (a) *Without Notice.* Subject to s. 895.045 [contributory negligence statute], the owner of a dog is liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property.

Wis.Stat.Ann. § 174.02 (West 1989). In *Meunier v. Ogurek*, 140 Wis.2d 782, 412 N.W.2d 155 (Ct.App.1987), a woman was driving a tractor when the neighbor's dog ran under the rear axle. Startled, the woman "popped" the clutch. The tractor rolled over backward, and the woman was killed. The Wisconsin court interpreted the following statute as creating strict liability on the part of the dog owner:

> The owner of a dog *is liable* for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property.

Wis.Stat. § 174.02(1)(a) (1981) (emphasis added). The court found the statute unambiguous and concluded that the statute sets forth the conditions under which a dog owner is liable for damages caused by the dog. 140 Wis.2d at 786, 412 N.W.2d at 156.

The Wisconsin court in *Becker v. State Farm*, 141 Wis.2d 804, 416 N.W.2d 906 (Ct.App.1987), had an opportunity to interpret a later version of the same statute, which read:

> The owner of a dog *may be* liable for the full amount of damages caused by the dog injuring or causing injury to a person, livestock or property.

1. At the time the Minnesota Legislature was considering its dog-bite statute, the Oklahoma statute read as follows:

> The owner or owners of any dog which shall, without provocation, bite or injure any person * * * shall be liable for damage to any person

bitten or injured by such dog to the full amount of the injury sustained.

Okla.Stat. tit. 4, § 42.1 (1947). *See* Minutes of the House Judiciary Committee for February 7, 1951.

Wis.Stat. § 174.02(1)(a) (1983) (emphasis added). In *Becker*, a dog escaped from its penned enclosure and darted onto a roadway, causing the plaintiff to drive off the highway. The plaintiff claimed injury as a result of the accident.

The court found the "may be liable" language ambiguous, holding that the intent of the legislature, in changing the language, was to clarify that comparative negligence applied to the strict liability provisions of the statute. *Id.* at 814–15, 416 N.W.2d at 911. The court found, however, that the statute does not carve out an exception for an "innocent act" by a dog. The court noted the following:

> Finally, Lincoln contends that failure to create this exception will lead to absurd and unreasonable results in certain hypothetical cases. For instance, Lincoln argues that under a "no exception" strict liability approach, an owner would be liable to a person who trips over a sleeping dog or who is injured when startled by the mere playful barking dog. * * * Harshness of result in certain extreme situations is a social price sometimes paid for the perceived benefits of the strict liability policy.

*Id.* at 817, 416 N.W.2d at 912. Thus, it appears that the Wisconsin courts hold that an owner of a dog is liable for injuries caused by the dog whether the dog is engaging in an act of aggression or not.

Moreover, in this case, the owners knew of the dog's habit of attempting to crawl into the front seat of the car, thus making it a still stronger case of liability.

Accordingly, I would affirm the court of appeals and remand to the trial court for determination of proximate cause as previously stated.