Leonard MORRIS, et al., Respondents,

v.

Lawrence WEATHERLY, Appellant.

John A. HINMAN, Respondent,

v.

Reid ALTER, et al., Appellants.

Nos. C2–92–264, C0–92–330.

Court of Appeals of Minnesota.

Aug. 25, 1992.

Review Denied Oct. 28, 1992.

Michael R. Sieben, Hastings, for Leonard Morris, et al.

Albert J. Dickinson, St. Paul, for Lawrence Weatherly.

James T. Hansing, Minneapolis, for John A. Hinman.

Jon R. Hebeisen, St. Cloud, for Reid Alter, et al.

Considered and decided by HARTEN, P.J., and KALITOWSKI and FOLEY, JJ.

## OPINION

DANIEL P. FOLEY, Judge.*

This is a consolidated appeal involving two actions for injuries caused by a dog under a strict liability theory pursuant to Minn.Stat. § 347.22 (1990). Appellants in both cases contend the statute does not apply where the dog did not physically contact the injured party. We affirm.

### · FACTS

*Morris v. Weatherly (C2-92-264)*

On July 26, 1987, as respondent Leonard Morris was bicycling on a public road in Dakota County, he saw appellant Lawrence Weatherly's collie approaching him from behind. The dog was at "a dead run," "running low to the ground" with "his ears laid back." As Morris quickly dismounted the bike, his left leg collapsed, causing him to fall, twist his left shoulder, and tear the rotator cuff. The dog then stopped several feet short of Morris, turned and walked away, never coming into physical contact with Morris.

The trial court found although the dog did not physically touch Leonard Morris, the dog's aggressive "attacking" pursuit

---

* Retired judge of the Court of Appeals, serving by appointment pursuant to Minn.Const. art. VI, § 2.

proximately caused Morris' injuries and came within the ambit of the statute. The trial court awarded Morris total damages of $37,000, and awarded respondent Marceen Morris $1,000 for loss of consortium. Weatherly appeals.

*Hinman v. Alter (C0–92–330)*

On October 28, 1981, respondent John A. Hinman, a mail carrier, noticed a large dog barking at him from across the street. Suddenly, he saw another dog running toward him "flying through the air." A witness who viewed the incident from across the street stated that the dog ran "past" Hinman, causing him to spin around. The dog did not touch Hinman, however. The witness likened the incident to a scene from the cartoon *Blondie and Dagwood.* Hinman suffered back injuries from the encounter.

The jury found the dog attacked or injured Hinman, but did not "come into physical contact with Hinman's person or mailbag." Based upon these findings, the trial court held the dog's owners, appellants Reid and Audrey Alter, strictly liable for Hinman's injuries under Minn.Stat. § 347.22 (1990). This court granted discretionary review of the Alters' appeal from the judgment denying their motion for JNOV.

## ISSUE

■ Does Minn.Stat. § 347.22 (1990) apply where no physical contact occurs between the dog and the injured party?

## ANALYSIS

This consolidated appeal presents a question of statutory interpretation involving Minn.Stat. § 347.22 (1990). As the jury finding of no physical contact in each case is undisputed, the issue to be decided is one of law and is subject to de novo review. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

Minn.Stat. § 347.22 (1990) provides in part:

If a dog, without provocation, attacks or injures any person who is acting peace-

ably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured.

Whether the statute requires physical contact between the dog and the injured party is an issue of first impression.

■ The supreme court has defined the ambit of section 347.22 in terms of causation. *Lewellin v. Huber,* 465 N.W.2d 62, 64–65 (Minn.1991). The statute covers "a dog's affirmative but nonattacking behavior which injures a person who is immediately implicated by such nonhostile behavior." *Id.* at 64. Likewise, the phrase "attacks or injures" refers to "action by a dog that directly and immediately produces injury to the person the dog attacks or injures." *Id.* at 65. In addition, a dog owner may be held liable under the statute for injuries caused by the dog's accidental or innocent conduct. *Boitz v. Preblich,* 405 N.W.2d 907, 910 (Minn.App.1987) (dog bumped plaintiff, causing plaintiff to fall). Where there is "intermediate linkage" between the dog's action and the injury, however, legal causation is too attenuated to invoke the absolute liability of the statute. *Lewellin,* 465 N.W.2d at 65–66.

■ Here, we believe the statute applies in both cases. The injuries of both Morris and Hinman were the direct and immediate result of the dogs' actions. Morris was injured as he attempted to protect himself from attack by a large collie running toward him in an aggressive manner. Although no physical contact occurred, the dog's action caused Morris to dismount quickly and in so doing, to fall, tearing the rotator cuff in his left shoulder. No "intermediate linkage" connected the dog's action to Morris' injury.

■ Likewise, Hinman twisted his back because a large dog ran past or around him. The dog approached at a fast pace and when it came near it caused Hinman to whirl around, wrenching his back. Although no physical contact occurred, the dog's actions directly and immediately produced Hinman's injury.

Moreover, we note the statutory language does not specifically require physical contact between the dog and the injured party. *See* Minn.Stat. § 347.22. Neither the supreme court's approved definition of "attack" nor this court's definition of "injure" require physical contact to apply the statute. *See Lewellin,* 465 N.W.2d at 64 (attack means " 'to move against with more or less violent intent, implying aggressiveness in any sense' ") (quoting *Webster's Third Int'l Dictionary* 140 (1971)); *see also Boitz,* 405 N.W.2d at 910 (injure means to " 'inflict an actionable wrong. To do harm to, damage, or impair' ") (quoting *Black's Law Dictionary* 706 (5th ed. 1979)). The statute uses the phrase "attacks or injures" in tandem. *Lewellin,* 465 N.W.2d at 64. Clearly, the statute applies to the hostile or nonhostile actions of a dog which *cause* injury, regardless of actual physical contact with the injured party.

Both cases fall within the scope of section 347.22. The actions of the dogs caused the injuries without any attenuated chain of causation. The statutory language does not require physical contact. We believe our conclusion is consistent with the recognized purpose of the statute, which is to protect people such as bicyclists and mail carriers who are subject to attacks and immediate harm from dogs. *See id.* Accordingly, we affirm the trial courts in both cases.

## DECISION

The trial courts did not err in holding respondents Weatherly and Alter strictly liable under Minn.Stat. § 347.22 (1990) even though no physical contact occurred between dog and injured party.

Affirmed.