David MUELLER, et al., Respondents (C1–93–1576), Appellants (CX–93–1690),

and

Farmers Insurance Group, intervening plaintiff, Appellant (C1–93–1576), Respondent (CX–93–1690),

v.

James THEIS, et al., Respondents.

Nos. C1–93–1576, CX–93–1690.

Court of Appeals of Minnesota.

March 8, 1994.

Review Denied April 28, 1994.

Paul K. Downes, Pritzker & Meyer, P.A., Minneapolis, for David Mueller, et al., respondents (C1–93–1576), appellants (CX–93–1690).

Erik J. Askegaard and Christopher D. Robinson, Askegaard Law Office, Brainerd, for Farmers Ins. Group, intervening plaintiff, appellant (C1–93–1576), respondent (CX–93–1690).

Frank J. Rajkowski and Molly J. Wingate, Donohue Rajkowski, Ltd., St. Cloud, for James Theis, et al., respondents.

Considered and decided by HARTEN, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

KLAPHAKE, Judge.

In these consolidated appeals, appellants David and Kenneth Mueller challenge summary judgment, contending the district court erred in dismissing their absolute liability claim under Minn.Stat. § 347.22 (1992) (dog owner's liability) for insufficient causation. Appellant Farmers Insurance Group challenges the dismissal of its reimbursement and subrogation claims against the Muellers and respondents James and Curtis Theis. We conclude section 347.22 does not cover a dog's nonaffirmative conduct or conduct that is not the direct and immediate cause of the injuries. We also conclude that Farmers did not present adequate evidence that the Muellers received a double recovery, nor does Farmers have a subrogation claim against the Theis brothers. Accordingly, we affirm.

## FACTS

On the evening of January 23, 1990, appellant David Mueller was driving a 1987 Chevrolet Celebrity at a speed of 50 to 55 miles per hour on Morrison County Road 34. As Mueller neared a driveway, he noticed a "figure" walking across his traffic lane about 80 to 100 feet ahead. Mueller swerved to the left to avoid the figure, heard a "little thump," turned to the right and skidded into a ditch on the right side of the road. The car rolled several times and Mueller was thrown into the ditch. Mueller suffered serious injuries that required several months of hospital-

ization. Mueller's no-fault insurer, appellant Farmers Insurance Group (Farmers), paid $60,000 in basic economic loss benefits.

The "figure" that Mueller saw was a black and white Walker Hound weighing about 50 pounds and belonging to respondents James and Curtis Theis. Mueller's car hit and killed the dog at the end of the Theis brothers' driveway.

David Mueller and his father, Kenneth Mueller, (the Muellers) sued James and Curtis Theis for common law negligence and absolute liability under Minn.Stat. § 347.22 (1992) (dog owner's liability), for injuries that David Mueller sustained from the accident. Farmers intervened in the action to assert subrogation claims.

Following discovery, the district court granted partial summary judgment to the Theis brothers, concluding David Mueller's inexperience as a driver and conduct after hitting the dog were "intermediate linkage" that broke the chain of causation and prevented application of the absolute liability statute. Thereafter, the Theises and the Muellers settled the remaining common law claims. Under the terms of the agreement, the Theises stipulated that David Mueller's injuries and damages, exclusive of no-fault benefits paid or payable, exceeded $100,000. The Theises agreed to pay $65,000 to settle the common law claims, although the Muellers reserved their right to appeal the partial summary judgment. The agreement expressly stated that the settlement did not constitute a duplication of benefits paid by Farmers, citing *Milbrandt v. American Legion Post of Mora*, 372 N.W.2d 702 (Minn. 1985), and *Mohs v. Parrish's Bar*, 418 N.W.2d 494 (Minn.1988).

Farmers then claimed it was entitled to reimbursement from the Muellers' settlement recovery, alleging the settlement duplicated no-fault benefits. Farmers also asserted a subrogation claim against the Theises. The district court dismissed Farmers' claims under Minn.R.Civ.P. 12 (judgment on the pleadings) and 56 (summary judgment). The court found no evidence of double recovery and concluded the settlement agreement extinguished Farmers' claim against the Muel-

lers. The court further determined that, based upon existing case law, Farmers had no cause of action against the Theises. Following entry of judgment, Farmers filed a notice of appeal as to the subrogation claims, and the Muellers filed a notice of appeal on the absolute liability claim under Minn.Stat. § 347.22. This court consolidated the appeals.

### ISSUES

I. Does Minn.Stat. § 347.22 (1992) create absolute liability for a dog's conduct that does not focus on the injured party?

II. Did the district court properly dismiss Farmers' claims?

### ANALYSIS

### I. *Absolute Liability*

■ The Muellers argue the district court erroneously determined that the dog owner's liability statute, Minn.Stat. § 347.22 (1992), did not apply to their claims against the Theises. The question of the statute's applicability was resolved by summary judgment. In reviewing this issue, we determine whether a genuine dispute of material fact exists and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We consider the evidence most favorably to the one against whom the motion was granted. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982). Issues of statutory interpretation involve legal questions, which we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

Minn.Stat. § 347.22 (1992) provides in pertinent part:

> If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured
>
> . . .

When these elements are established, this statute imposes absolute liability upon the dog owner. *Seim v. Garavalia,* 306 N.W.2d 806, 812 (Minn.1981).

■ In *Lewellin v. Huber,* 465 N.W.2d 62 (Minn.1991), the Minnesota Supreme Court addressed the scope of section 347.22. The supreme court stated that by including the word "injures" in tandem with "attacks," the legislature intended the statute "to cover a dog's *affirmative,* but nonattacking behavior which injures a person who is immediately implicated by * * * [that] behavior." *Id.* at 64 (emphasis added). The court expressly limited proximate cause under the statute to the "direct and immediate results of the dog's actions, whether hostile or nonhostile." *Id.* at 66. The court stated that this limitation on traditional concepts of proximate causation was necessary as a policy matter to prevent courts from extending "absolute liability beyond its intended purpose and reach." *Id.* at 65. Thus, in *Lewellin,* the court refused to impose absolute liability upon the owners of a dog that distracted a driver who then drove into a ditch, and struck and killed a child. *Id.* at 66.

We do not believe the dog owner's liability statute applies in this case for two reasons. First, we cannot characterize the dog's behavior here as the type of "affirmative" conduct contemplated under the statute. *See id.* at 64 (statute covers dog's affirmative but nonattacking conduct). Affirmative conduct under the statute means more than the dog's mere presence on the road. *Cf. id.* at 66 (dog riding in car "nuzzled" driver, distracting driver's attention); *Morris v. Weatherly,* 488 N.W.2d 508, 510–11 (Minn.App.1992) (in first consolidated case, dog pursued bicyclist, causing bicyclist to fall while alighting; in second consolidated case, dog ran toward mail carrier in attacking posture), *pet. for rev. denied* (Minn. Oct. 28, 1992); *Boitz v. Preblich,* 405 N.W.2d 907, 910 (Minn.App. 1987) (dog bumped plaintiff, causing plaintiff to fall). Here, unlike *Lewellin* and similar cases, the dog's conduct was not directed at Mueller or at any other person. The dog was simply walking across the road when Mueller came upon it.

■ Second, we do not believe that the facts of this case meet the causation standard of *Lewellin.* In our view, the "direct and immediate results of the dog's actions," require both that the dog's conduct be focused

on the injured party and that the injury be the direct and immediate result of that focus. *See Lewellin,* 465 N.W.2d at 66. For example, in *Lewellin* the dog focused its conduct on the driver rather than on the injured child, and the child's death was not the direct and immediate result of that focus, but instead was caused by the driver's conduct. *See id.* In contrast, causation existed in the consolidated *Morris* cases because, in the first case, the dog focused its conduct on the injured bicyclist, and the bicyclist's injuries were the direct and immediate result of the dog's pursuit. *See Morris,* 488 N.W.2d at 510. And, in the second *Morris* case, causation existed because the dog focused its conduct on the injured mailman by approaching him in an attacking posture and the mailman's injuries were the direct and immediate result of the dog's attack. *Id.* at 510–11. Here, the dog's conduct was not focused on David Mueller and therefore, his injuries cannot result from that focus. As in *Lewellin,* while the dog's conduct may be a "cause in fact," imposing absolute liability under these circumstances would extend the statute beyond its intended purpose. *See Lewellin,* 465 N.W.2d at 64–66. Accordingly, we conclude the district court properly granted summary judgment to the Theis brothers.

## II. *Subrogation*

### Farmers v. Mueller

The Muellers and Farmers dispute the applicable standard of review as to Farmers' reimbursement claim against the Muellers. Farmers contends that the district court dismissed its complaint against the Muellers on the pleadings alone, and that this court is to determine whether the pleadings, viewed in Farmers' favor, state a claim and raise a fact issue. *See Johnson v. Urie,* 405 N.W.2d 887, 891 (Minn.1987). We disagree.

Minn.R.Civ.P. 12.02 and 12.03 state that where the court considers matters outside the pleadings, a motion for dismissal on the pleadings is treated as a motion for summary judgment. The district court dismissed Farmers' claim against the Muellers on the basis of Minn.R.Civ.P. 12 and 56 after examining the pleadings and "all other relevant documents in the case." The order contains detailed findings on the settlement terms, even though none of the pleadings incorporates the settlement document. The order clearly indicates that the court considered matters outside the pleadings in resolving the issue and treated the motion as one for summary judgment.

On appeal from summary judgment, this court determines whether material facts are disputed and whether the district court correctly applied the law. *Offerdahl,* 426 N.W.2d at 427. The facts are viewed in the light most favorable to the losing party. *Grondahl,* 318 N.W.2d at 242.

The relevant no-fault statute states:

A reparation obligor paying or obligated to pay basic economic loss benefits is subrogated to a claim based on an intentional tort, strict or statutory liability, or negligence other than negligence in the maintenance, use, or operation of a motor vehicle. *This right of subrogation exists only to the extent that basic economic loss benefits are paid or payable and only to the extent that recovery on the claim absent subrogation would produce a duplication of benefits or reimbursement of the same loss.*

Minn.Stat. § 65B.53, subd. 3 (1992) (emphasis added). The no-fault insurer's right of subrogation under this section applies only against the insured. *Milbrandt v. American Legion Post of Mora,* 372 N.W.2d 702, 705 (Minn.1985). If the insured settles his or her claims against the tortfeasor, the insurer has a right to reimbursement from the insured to the extent that the settlement duplicates no-fault benefits already paid. *Fox v. City of Holdingford,* 375 N.W.2d 44, 47–48 (Minn. App.1985), *pet. for rev. denied* (Minn. Dec. 13, 1985). But, the insured has the latitude to structure the settlement to include only non-duplicative losses. *Principal Financial Group v. Allstate Ins. Co.,* 472 N.W.2d 338, 342 (Minn.App.1991) (quoting 2 Michael Steenson, *Minnesota No–Fault Automobile Insurance* 296 n. 136 (2d ed. 1989)).

The record contains the following evidence of David Mueller's damages and no-fault benefits:

(1) An itemized list of medical expenses, paid by Farmers, totalling $60,000.

(2) An itemized list of David Mueller's ongoing medical damages, some of which duplicate or include Farmers' list, totalling $66,129.13.

(3) David Mueller's deposition testimony in which he discusses his injuries, limitations on his activities, permanent scarring, past surgeries and treatment, possible future surgery, soreness in his knee and hip, concern about the future onset of arthritis in his knee and hip, and his need for shoe lifts.

(4) The settlement agreement stating that David Mueller's damages exceeded no-fault benefits by at least $100,000.

Farmers claims that there is a fact question concerning duplication of benefits. We disagree. The record reveals that Farmers did not provide any specific evidence of double recovery, such as expert testimony on the value of Mueller's case or expert testimony about the probability of future surgery or early arthritis. Farmers merely indicated that it wanted to "play with the numbers." We do not believe that "manipulating numbers" is sufficient to create a fact question in this case. Accordingly, we conclude the district court properly granted summary judgment to the Muellers.

### Farmers v. Theis

■ Farmers also argues the district court erred in dismissing its subrogation claim against the Theis brothers. Farmers challenges the controlling case, *Milbrandt v. American Legion Post of Mora*, 372 N.W.2d 702 (Minn.1985), arguing it was incorrectly decided and has since been implicitly overruled, and urging this court to "reverse" *Milbrandt*.

*Milbrandt* interpreted section 65B.53, subd. 3, to provide a no-fault insurer with "subrogation" [1] rights against the insured but not against the tortfeasor. *Id.* at 705. The supreme court has reaffirmed this holding in numerous cases. *See, e.g., Mohs v. Parrish's Bar*, 418 N.W.2d 494, 497 (Minn.1988). Although arguments have been made against the *Milbrandt* rule, we have no authority to overrule our supreme court. *See Principal*, 472 N.W.2d at 343 (Davies, J., concurring specially). Moreover, we disagree that the supreme court overruled *Milbrandt* by implication, because the cases cited as doing so do not involve no-fault benefits. *See Tyroll v. Private Label Chemicals, Inc.*, 505 N.W.2d 54 (Minn.1993) (workers' compensation); *Folstad v. Eder*, 467 N.W.2d 608 (Minn.1991) (same); *Liberty Mutual Ins. Co. v. American Family Mutual Ins. Co.*, 463 N.W.2d 750 (Minn.1990) (uninsured/underinsured motorist coverage). Accordingly, the district court properly dismissed Farmers' subrogation claim against the Theis brothers because Minnesota law does not recognize such a cause of action.

### DECISION

The dog owner's absolute liability statute, Minn.Stat. § 347.22 (1992), does not apply because the mere presence of the Theis brothers' dog on the road does not constitute affirmative conduct. Additionally, where the dog's conduct was not focused on David Mueller, and Mueller's injuries were not the immediate result of such a focus, the dog's conduct was not the direct and immediate cause of the injuries. The district court properly dismissed Farmers' subrogation claim against the Muellers where Farmers did not present sufficient evidence of double recovery. Finally, the district court correctly dismissed Farmers' subrogation claim against the Theis brothers under *Milbrandt v. American Legion Post of Mora*, 372 N.W.2d 702, 705 n. 2 (Minn.1985).

**Affirmed.**

*Milbrandt v. American Legion Post of Mora,* 372 N.W.2d 702, 705 n. 2 (Minn.1985).

---

1. The *Milbrandt* court noted that the insurer's right was not true subrogation because the right arose out of double recovery rather than tort.